Parker
v.
Radliff.

## PARKER *vs.* RADLIFF.

Where the claim of a plaintiff established at the trial *exceeds* $200, and the sum is reduced by *set-offs*, he is entitled to costs, notwithstanding he recovers less than $50.

But he is not entitled to costs, although he proves a demand exceeding $200, if the same be reduced by *payments* to an amount less than $50.

THIS case came before the court on a return made by the mayor's court of the city of Albany, to a rule to shew cause why a *mandamus* should not issue, directing that court to vacate a rule granting costs to the defendant, upon a *report of referees* in favor of the plaintiff for $23,87, and to enter a rule granting costs to the plaintiff. The mayor's court returned the affidavits upon which the rule ordered by them was granted; from which it appeared that the plaintiff had proved an account before the referees to the amount of $390,68, and that the defendant had proved an account to the amount of $366,81, leaving a balance in favor of the plaintiff of the amount reported due. It further appeared that the account of the *plaintiff* consisted of work done and of materials found in the building of a house; and that the account of the *defendant* consisted of monies paid and of goods sold. On the hearing before the referees, the defendant proved by his son, who acted as his clerk, that he told his son not to let the plaintiff have any thing out of the store faster than he earned it by his work, and the witness testified that at one time he refused to let the plaintiff have what he called for, because the defendant had told him that he thought nothing was then due to the plaintiff. The witness testified that entries were made on the defendant's book of accounts of goods sold to the plaintiff, who from time to time signed his name below such items, as an admission of the correctness of the account; and that all he knew his father to let Parker have was as *payment for work previously done*, and that he did not believe that his father would have trusted the plaintiff one cent. The defendant also produced a number of receipts for cash, given to him by the plaintiff, but which receipts did not specify on what ac-

count the monies receipted were paid.   On these facts a *mandamus* was asked for.

*R. W. Peckham*, for relator.

*By the Court*, NELSON, J.   It is enacted, 2 *R. S.* 226, § 4, *sub*. 4, that no justice of the peace shall have cognizance " of any matters of account, where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed $400 ;" and by § 54, *p*. 235, " If upon the trial of a cause, it shall appear that the amount of the *plaintiff's claim*, together with the *demand set off* by the defendant according to the preceding provisions, (the provisions relating to set-offs in justices' courts,) exceed $400, judgment of discontinuance shall be rendered against the plaintiff, with costs." These two sections are in *pari materia*, and should be construed together, and they clearly shew, that the justice may entertain jurisdiction, unless the account of the plaintiff, and that of the defendant which he seeks to *set-off*, in the technical sense of that term, exceeds the $400.   By section 9, page 614, it is declared, where the plaintiff shall recover any sum in any court of record, he shall recover costs, if it appear that *his claim* as established at the trial exceeded $200, and the same was reduced by *set-offs*; or that the *debts*, *demands* and *accounts* of *both parties* established on the trial exceeded $400.   The provision in the act of 1813, 1 *R. L.* 344, § 5, was, " where the *demand of the plaintiff*, or the *accounts between the parties*, exceeded $200, &c. if by reason of *payments* or *discounts*, the plaintiff shall recover less than $25, he shall recover costs."   At that time the justice had jurisdiction only to $25, and was deprived of it where the sum total of the accounts of both parties proved to his satisfaction amounted to $200.   1 *R. L.* 387, § 1. The 9th section of the revised statutes is a departure from the principle of the preceding statutes, so far as relates to the allowance of costs in cases where the demand of the plaintiff exceeds $200.   The amount should have been $400, to be in accordance with the former provisions, since the jurisdiction of the justice has been doubled.   By the first clause of the 9th section, it is clear the

plaintiff may recover costs in a court of record when the suit might have been brought before a justice, as where the *sum total* is under $400, and the balance under $50. If the plaintiff's portion of the account exceeds $200, and is reduced by *set-off* below $50, he is entitled to costs, in a court of record. The clause of $400 in this section was intended to provide for the case where the justice had not jurisdiction agreeably to the 4th subdivision of section 4, page 226; and that subdivision, in connection with the 54th section, page 235, clearly shews that this officer has jurisdiction except where the *set-off* of the defendant, together with the plaintiff's account, exceed $400. If therefore we construe the 9th section so as to apply it to all cases where the accounts of both parties, including payments made, exceed $400, it would establish a principle that would give costs to plaintiffs, in a large class of cases in a court of record, which might have been brought in justices' courts. We have already seen such is now the necessary consequence under the first clause of the 9th section, where the plaintiff's demand exceeds $200, and the defendant's set-off is less than that sum. In such a case the suit may be sustained *in either court*, though the balance is under fifty dollars, and the plaintiff is entitled to costs. There is nothing in the second clause of the 9th section requiring a construction tending to a like result; but, on the contrary, a view of all the provisions of the law repels it. The language of this section is different from the act of 1813. There *payments* were expressly mentioned. The theory of the system providing for suits in courts of different jurisdictions, and regulating the costs therein, is against a construction which gives to the plaintiff costs in a court of record in a case that might have been brought in a justice's court, unless "the *plaintiff's claim*, together with the *demand set off* by the defendant," exceed $400, the justice has jurisdiction. 2 *R. S.* 235, § 54.

The plaintiff in this case established before the referees an account against the defendant of $390,68, and the defendant proved an account against the plaintiff of $366,81, leaving a balance of $23,87 due to the plaintiff. The account of the plaintiff was for work, labor and materials, beginning in April 1833, and extending to March 1834. That of the defendant

covered about the same time, and consisted of cash paid and goods sold ; most of it duly receipted by the plaintiff, and about $250 of the amount being for cash paid.   It appears by the testimony of the son and clerk of the defendant, that the account was at fixed periods looked over by the plaintiff and his name signed at the bottom, intended as a receipt and admission of its correctness; and that all the money was advanced, and the goods were delivered towards *payment* of the account of the plaintiff.   Upon the view we have taken of the law of the case, the only question presented on the application before the court below, was one of fact, to wit, whether the money was advanced and goods were delivered *in payment*, or could be applied only by way of *set-off*.   Though the question is not very distinctly settled by the evidence, there is enough tending to establish the fact of payment, to induce us to decline overruling the decision below.   We cannot say the court erred in the exercise of the discretion it possessed on this point.

**UTICA,**<br>July, 1835.

Overseers, &c.<br>of Milan<br>v.<br>Supervisors of<br>Dutchess.

Motion for mandamus denied.