*W. W. Frothingham,* for the defendant.

*S. Stevens,* for the plaintiff.

---

## WALTON *vs.* CRONLY'S ADMINISTRATOR.

*A mortgagee* of a term, who has *not taken possession of the demised premises,* is not liable for rent. The law in this respect is different here from what it is in England.

*Parol evidence* is admissible to show that a deed, absolute in its terms, *was intended as a mortgage ;* and such evidence may be received not only as between the parties to the instrument, but where third persons are concerned, if no trust or confidence has been reposed upon the strength of the absolute deed, and such third persons have not been misled by the form of the transaction.

*A declaration of trust,* executed on the trial of a cause against the assignee that the assignment was a mere security for the payment of money, is not proper evidence.

THIS was an action of COVENANT, tried at the New-York circuit in May, 1833, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was brought for the recovery of rent due upon a lease of certain premises, executed by the plaintiff to one Dillon, on the 16th December, 1835, for the term of twelve years subject to an annual rent. Dillon *assigned* the lease to *Lewis Cronly,* the intestate, on the 8th April, 1828, but remained in possession of the premises until the end of the term. Cronly never had possession. At the time of the death of Cronly, the sum of $2504\frac{40}{100}$ was due for rent. The defendant offered and was permitted by the judge to show, that the assignment,

UTICA,
July, 1835.

Walton
v.
Cronly.

though absolute on its face, was in fact made by Dillon as a *security by way of mortgage* to Cronly for a pre-existing debt, which still remained due and unpaid ; to the admission of which evidence the plaintiff excepted. The defendant also offered in evidence a *declaration of trust*, executed by him *since the commencement of the trial*, stating that the assignment was executed as a security by way of mortgage, and that it was agreed between the parties at the time of the execution of the same, that upon payment of $420, Cronly should re-assign. To the introduction of which as evidence the plaintiff excepted, and the judge excluded it. A verdict was taken for the plaintiff, subject to the opinion of the court.

*S. Stevens*, for the plaintiff.

*C. O'Conner*, for the defendant.

*By the Court,* SUTHERLAND, J. A lessee continues always liable upon the covenants contained in the lease, by virtue of the privity of contract, notwithstanding any assignment which he may make. His liability, in respect to covenants which run with the land, rests both upon the privity of contract and of estate. Of the first he cannot divest himself by assignment. Covenant for rent, therefore, may always be maintained against the lessee or his representatives, although he may have assigned his term to the lessor, or his grantee may have accepted rent of the assignee. *Woodfall,* 346. *Dougl.* 460. *Croke J.* 309, 334, 522. *Croke Ch.* 579. 3 *Salk.* 5, 48. 4 *Mod.* 81. *Croke Ch.* 188, 503. 1 *Ld. Raym.* 553. So where the lessee makes an absolute assignment of the whole term, the assignee and his representatives are liable upon all the covenants which run with the land ; and that whether the assignee took the actual possession of the premises or not. *Walker* v. *Reeve, Dougl.* 461, *note. Bull. N. P.* 157. *Esp. N. P.* 289. *Woodfall,* 347. 7 *East,* 342, 3. But the liability of the assignee continues only as long as he remains *legal assignee,* as it is founded on priority of estate merely, and not like that of the lessee on priority of contract also. He may therefore free himself from subsequent liability by making

an assignment of all his interest. *Woodfall*, 348, 349, 350, *and the cases there cited. Bac. Abr. Cov. E. 4. 1 Bos. & Pull.* 23. 2 *East*, 580. There is no personal confidence in the assignee of the lessee, and when he parts with the lease he gets rid of his liability. In *Eaton* v. *Jaques, Doug.* 454, decided in 1780, the question arose whether a *mortgagee* of the lessee of a term, never having taken possession under the mortgage, was liable *as assignee* for rent in arrear, and it was held by Lord Mansfield, and all the other judges of the king's bench, that he was not. It was put upon the ground that as the mortgagee out of possession, he was not *assignee*, because he had not all the estate, right, title, interest, &c. of the mortgagor; that the mortgage was but a security to the mortgagee, the *legal estate still remaining in the mortgagor.* This decision does not appear to have been satisfactory to the profession in England. Lord Kenyon doubted its correctness in *Westerdell* v. *Dale,* 7 *T. R.* 311; and in *Stone* v. *Evans, Woodfall,* 113, said he would overrule it without the least hesitation; and in *Williams* v. *Bosanquet and others,* 1 *Brod. & Bing.,* 5 *Com. Law R.* 72, it was formally overruled upon a consideration of all the previous cases. It was there held, that when a party takes an assignment of a lease by way of mortgage, as security for money lent, *the whole interest passes to him,* and he becomes liable on the covenant for payment of rent, though he has never occupied or become possessed of the premises in fact. *Vide Woodf.* 111, 12, 13; *Powell on Mortgages,* 133 to 243. The doctrine of *Eaton* v. *Jaques* is, that when a lessee mortgages his term, his whole interest does not pass to the mortgagee; that until he takes possession, the legal ownership is in the mortgagor, subject to the lien of the mortgage; that the mortgagee of course is not assignee, as an assignee must take the whole interest of the lessee. *Williams* v. *Bosanquet,* on the contrary, held, that the whole interest passes by the mortgage, and that the mortgagee consequently becomes assignee, and is liable as such. This precise question arose in the case of *Astor* v. *Hoyt and others,* 5 *Wendell,* 603, where the doctrine of *Eaton* v. *Jaques* was considered as the well settled and established law of this state. It was there

held, that a *mortgagor* is the owner of the property mortga-
ged, against all the world, subject only to the lien of the mort-
gagee ; and that a *mortgagee* of a term, *not in possession*, can-
not be considered as an assignee ; but if he takes possession
of the mortgaged premises, he has the estate *cum onere*, and
is liable as assignee upon the covenants contained in the lease.
To show that here the *mortgagor* has always been consider-
ed the owner, subject only to the lien of the *mortgagee*, the
chief justice there refers to the following cases : *Walters* v.
*Stewart*, 1 *Caines' Ca. in Err.* 47; *Jackson* v. *Ward*, 4 *Johns.
R.* 41 ; *McIntyre* v. *Scott*, 8 *id.* 159 ; *Runyan* v. *Mersereau*,
11 *id.* 528 ; *Hitchcock* v. *Harrington*, 6 *id.* 295 ; *Coles* v.
*Coles*, 15 *id.* 320, and *Dickinson* v. *Jackson*, 6 *Cowen*, 147.
It is there said, that when the mortgagee takes *possession*, he
then has all the right, title and interest of the mortgagor.
Then he acquires and the mortgagor loses an estate liable
to be sold on execution ; he is then substituted in the place
of the mortgagor who was lessee, and therefore is assignee,
and liable as such. If the defendant in this case, then, is
to be considered as mortgagee of the lessee, having never
taken possession of the premises, he is not liable as as-
signee. The parol evidence clearly shows that the assign-
ment of the lease from Dillon to Cronly, though absolute in
terms, was intended and understood by the parties as a mere
mortgage of the term by way of security for a debt due to
Cronly. It is well settled that parol evidence is admissible to
show that an absolute deed was intended as a mortgage.
Chancellor Kent says, a deed absolute on the face of it, and
though registered as a deed, will be valid and effectual as a
mortgage as between the parties, if it was intended by them
to be merely a security for a debt, though the defeasance
was by an agreement resting in parol ; for parol evidence
is admissible to show that an absolute deed was intended
as a mortgage, and that the defeasance has been omitted
by fraud or mistake, 4 *Kent's Comm.* 142, 3 ; and he cites a
variety of cases in support of the position. *Prec. in Chan.*
526 ; 2 *Vesey*, 225 ; 1 *Johns. Ch. R.* 594 ; 4 *id.* 167 ; 6 *id.*
417 ; 2 *Cowen*, 324 ; 1 *Monroe's R.* 73 ; *Washburn* v. *Mer-
rils*, 1 *Day*, 139 ; *and see Slee* v. *Manhattan Co.*, 1 *Paige*,
48, 56, 77 ; *James* v. *Morey*, 2 *Cowen*, 247 ; *Gilchrist* v. *Cun-*

*ningham,* 8 *Wendell,* 641; *Champlin* v. *Butler,* 18 *Johns. R.* 173; *Ring* v. *Franklin,* 2 *Hall's S. C. R.* 1, 13.

It was not denied by the counsel for the plaintiff that parol evidence, to show that an absolute deed was intended as a mortgage, was admissible between the original parties to the contract; but it was contended that it was not admissible as between one of those parties and a third person. I do not find that any such distinction is taken in any of the cases. Third persons, who are strangers to the contract, are not to be prejudiced by such parol defeasances. If they deal with the mortgagor as absolute owner, upon the strength of his title, ignorant of the secret defeasance, it cannot be set up against them. But where no faith or confidence has been reposed upon the strength of the absolute deed, and third persons have not been misled by the form of the transaction, it is not perceived why its real character should not be permitted to be proved and have its full legal operation. Nor do the cases recognize any distinction between a formal mortgagee of a term, and an individual holding the lease by an absolute assignment, but subject to a separate defeasance either written or parol. If he is mortgagee out of possession, he is not subject to the covenant in the lease. Whether he is mortgagee by an instrument in one form or another, cannot be material. The question is whether he is *mortgagee* or *assignee,* and his liability depends upon the answer which the law gives to it. The written declaration of trust made by the defendant during the trial was properly excluded.

The verdict having been taken subject to the opinion of the court, judgment must be rendered for the defendant.