HALL *and* COCHRANE *v.* SAVILL.

Record evidence and even parole proof are admissible to show that a deed,
absolute on its face should have no greater effect than a mortgage.

Where a deed was given to secure the payment of money, and a bond was
given to reconvey on payment of the money, the deed should have no
greater force than a mortgage as between the parties to the transaction
and their agents and attorneys if they were actually cognizant of the facts.

The form of a deed absolute should yield to the substance of the contract,
as between the parties, and all others who had actual notice of it and have
not been misled by the form.

The mortgager is considered the owner of the land, subject only to the lien
of the mortgagee.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J.   J. C. Hall and W. J. Cochran
commenced this action of right against Robert Savill for
the north-east quarter of the north-west quarter of section
thirty-four, in township sixty-nine, north of range six, west
of the fifth principal meridian.   Plea, general issue.   Ver-
dict and judgment for the defendant.

On the trial the plaintiff gave in evidence :

1.   A Register's certificate, showing that the land in ques-
tion was entered March 16, 1840, by Alexander H. Walker.

2.   A deed from said Walker dated September 24, 1844,
conveying the land to John, Joseph and Robert Savill.

3.   A deed, dated November 4, 1844, from Joseph and
Robert Savill to William G. Walker.

4.   A sheriff's deed conveying said Walker's interest in
the land to the plaintiffs.

5.   They then gave evidence tending to prove that defen-
dant was in possession.   Also, evidence proving the death
of John and Joseph Savill, and that John Savill was the
father of Joseph and Robert.

Defendant then introduced the judgment from which the
plaintiffs derived their sheriff's deed.   The judgment was

rendered May 25, 1847, in favor of Michael Sellers against William G. Walker, in which Cochran and Hall were attorneys. The garnishee process issued in said case, with Joseph Savills answer thereto, was also introduced. The answer shows that Joseph Savill and his brother Robert jointly borrowed of William G. Walker one hundred dollars, for which they were to pay interest at the rate of twenty per cent per annum, and in order to secure payment they executed the deed to said Walker, and at the same time took a title bond, conditioned that if Savills should pay to Walker one hundred and twenty dollars in one year, or twenty dollars at the end of one year and one hundred and twenty dollars at the end of two years from date of bond, then Walker was to reconvey the land in question to Savills. At the date of the answer, April 7, 1846, no part of the money had been paid by the Savills to said Walker.

Defendant then introduced the bill, answer, exhibits and decree in a chancery case commenced by Joseph and Robert Savill against said W. G. Walker. The bill was filed by one of the plaintiffs, W. J. Cochran as solicitor for the Savills, September 6, 1847, and alleges that the deed made by them to Walker was in the nature of a mortgage, and that they had always been ready to pay according to the stipulations of the bond which was executed on the same day with the deed; that Walker had left the county and had no agent to whom payment could be made; that one of them had been garnisheed on attachment in the case of *Sellers* v. *Walker* and discharged, and that they were both garnisheed on an execution issued from the judgment in that case; and that they had brought the money into court. The bill prayed for a decree of title to the land. An amended bill was filed May 1, 1848. Bill was confessed to be true and a decree rendered agreeable to the prayer of complainants.

Defendant also gave in evidence a deed from said William G. Walker and wife, conveying the land to Joseph and

Robert Savill. This deed was dated April 21, 1846, and filed for record April 21, 1848. The plaintiffs objected to the evidence offered by defendant, but the court overruled the objection, and instructed the jury that the evidence submitted did not show any title in the plaintiffs.

The first four errors assigned are to the ruling of the court in admitting the evidences of title introduced by defendant below. This evidence comprises the judgment, the garnishee process, the chancery proceedings and the deed. This evidence has an important bearing upon the case and clearly discloses the nature of the transaction between the parties. The records offered are unexceptionable in authentication, were relevant to the issue, and therefore admissible.

The evidence was introduced for the purpose of defeating plaintiff's claim of title by showing that the deed from Joseph and Robert Savill to William G. Walker should have no greater effect than a mortgage ; that the plaintiffs had notice of its character before judgment was rendered against Walker, and that they purchased with full knowledge that the deed, though absolute in terms, was in reality a mortgage ; that the deed was given by the Savills to secure the payment of money they had borrowed from Walker who gave a title bond to recover the premises upon the payment of the money within the time stipulated. These facts are clearly established by the records and parole proof. It is conceded that as between the parties to the conveyance it should be treated as a mortgage, but claimed that it cannot be so regarded in its application to third persons. This is true, if such third persons are strangers to the contract. Without notice they should not be prejudiced by any private arrangement, not expressed in the deed. But in this case the plaintiff had notice. It appears of record that one of them acted as solicitor for the Savills in the chancery suit to enforce a reconveyance of the land, and both of them acted as attorneys in the suit at law. In these suits the

mortgage character of the deed was fully disclosed, and was to the plaintiffs the same as actual notice that the grantee, in form, was nothing more and acquired no greater rights than a mortgagee in fact. With such notice the plaintiffs cannot complain that they were misled by the absolute form of the deed. They were as well acquainted with its real character, as were the parties themselves. The form then should yield to the substance of the contract, and confer no greater legal benefits upon the plaintiffs than was intended by the parties in the deed, nor greater than could be enforced by the grantee.

In *Walton* v. *Cranly*, 14 Wend. 63-67, it was decided that even parole evidence is admissible to show that a deed absolute in its terms, was intended as a mortgage ; and that such evidence may be received not only as between the parties to the instrument, but when third persons are concerned, if they have not been mislead by the form of the transation. It is well settled that parole evidence is admissible to show that an absolute deed was intended as a mortgage ; 2 Vesey 225 ; 1 John Ch. 594 ; 2 ib 189 ; 4 ib. 167 ; 6 ib. 417 ; 2 Cowen 324,247 ; 1 Monroe 73 ; 1 Day 139 ; 1 Paige 48,56,77 ; 8 Wend. 641 ; 9 ib. 227,232 ; 2 Hall's S. C. 1,13 ; 4 Kent's C. 142 ; 15 John. 205 ; 18 ib. 173. Most of these were cases in which the defeasance had been omitted in the deed by fraud or mistake, and in that particular not analogous to the case at bar. But if parole evidence is admissible to establish a mere parole defeasance, the propriety of the record evidence cannot be questioned in the present case to show that in connection with the deed there was a bond executed, containing conditions on the performance of which the deed would be defeated, and a reconveyancé of the estate secured to the grantor. As between the parties, the bond was executed as a defeasance of the deed, and so as to third persons with actual notice of the transaction.

The object for which a deed is given must be regarded as the true test of its character. If a deed is given as a secu-

Hall *v.* Savill.

rity it is a mortgage, although an absolute conveyance in form. Wright O. 249; 4 Dev. 59; 2 Pick. 211; 15 John 205; 3 Hill 95; 2 Grant. 132; 6 Blackf. 113; 4 Pick. 349. The fact that the deed in the present case was given as security is conclusively established by the evidence, and was known to the plaintiffs before they purchased. But it is claimed by counsel that the bond as a defeasance to the deed was no better than an unrecorded deed against a judgment creditor, and as a judgment would operate as a lien against such unrecorded deed,—*Brown* v. *Tuthell*, 1 G. Greene—so would a judgment operate against an unrecorded title bond. This position will not be questioned. The principle would prevail against all who had not received actual notice of the bond as a defeasance to the deed. The plaintiffs had such notice, and therefore purchased subject to the defeasance, with the same effect as if they had purchased against a prior unrecorded deed with actual notice.

Again, it is claimed that if Walker should be considered as mortgagor he still had a " conditional fee " on interest in the land which could be sold. Doubtless the amount due from the Savills to Walker might have been secured by proper process, to apply on the judgment against Walker, but obviously that could not be done by selling land owned by the Savills, on an execution against Walker. The mortgagor of land has generally been considered the owner, subject only to the lien of the mortgagee. *Walton* v. *Cronly*, 14 Wend. 63-66; and cases cited. The rights and interest of the mortgagor do not pass to the mortgagee until he acquires possession. The mortgage before entry and foreclosure is deemed a pledge or charge upon the land, and subject to that lien the legal rights and remedies of others may be asserted and enforced in the same manner as if no such mortgage existed. *Wellington* v. *Gale*, 7 Mass. 138 ; *Taylor* v. *Porter*, ib. 355 ; *Goodwin* v. *Richardson*, 11 ib. 469,473 ; *Eaton* v. *Whiting*, 3 Pick. 484 ; *Blanchard* v.

c

*Brooks*, 12 ib. 47; *Fay* v. *Cheney*, 14 ib. 399 ; *Collins* v. *Torry*, 1 John. 277.

We conclude then that the court below did not err in admitting the evidence offered by defendant in this case ; nor in charging the jury that the evidence did not show title in the plaintiffs.

Judgment affirmed.

*J. C. Hall* and *A. Hall*, for plaintiffs in error.

*H. T. Reid* and *L. R. Reeves*, for defendant.