MARIE L. C. DAMAINVILLE and another *v.* ABIJAH MANN, Jr.

MATHILDE A. D. ARRICAN and others *v.* ABIJAH MANN, Jr.

THE SAME *v.* THE SAME.

An assignee of an undivided two-third interest of a term, created by lease reserving rent, in possession of the entire premises, is liable to the owners of the reversion in fee, for the entire rent.

To render the assignee of the lessee of a term liable for rent, on the ground of privity of estate only, such assignee must be in posssesion of the demised premises. *It seems,* where the demised premises are held by divers assignees of the term in several parts, the rent, which is a common charge upon all the parts, may be apportioned among them according to their several shares.

Where the demised premises are held by several assignees, as tenants in common, being in the actual possession, the rent may also be apportioned.

But where one of the tenants in common is in possession of the entire premises without agreement with, or objection on the part of, his co-tenants, he is properly chargeable with the rent, and is not entitled to have the same apportioned.

THESE cases are appeals from judgments rendered in the Superior Court of the city of Buffalo. They are identical in all respects, except the names and number of the plaintiffs, and involve the same identical legal principles. The plaintiffs are the owners of the reversion in fee of certain premises in Buffalo, 20 feet in width from the terrace to the canal, demised by Louis Le Couteulx to Josiah Trowbridge, for the term of 30 years, from May 1st, 1835, by lease, bearing date August 22, 1838, at the annual rent of $100 for the first ten years, $125 for the second 10 years, and $150 for the last ten years, payable half yearly. The lessee died in 1840, and devised the premises to his son, W. B. Le Couteulx. The latter died in July, 1859, devising the premises to his wife, Charlotte L. M. Le Couteulx, for life. She died intestate, on the 31st July, 1861, after the rent in controversy had accrued, and the plaintiffs, as her representatives, bring these actions. No question is made upon their title, or upon the amount of rent due. The defendant, during the time the rent accrued, was the owner and assignee of an undivided two-

thirds of the unexpired term, and in the actual occupation of the whole of the premises, by title derived from the assignees of Josiah Trowbridge, of such two-thirds, while Israel T. Hatch, during the time the rent accrued, was the owner and assignee of the other undivided third part of the same unexpired term, by deed of assignment also from the assignees of Josiah Trowbridge, but was not, during the time the rent accrued, in the possession of the demised premises, or of any part thereof. The defendant conceded his liability to the plaintiffs to pay two-thirds of the rent claimed, and served upon the plaintiffs, pursuant to the provision of the Code, an offer to allow judgment to be entered against him for that amount, with the costs, which the plaintiffs declined to accept. Upon these facts the court below rendered judgment in favor of the plaintiffs for the whole of the rent claimed, and the defendant appealed to this court.

*Mann & Rodman*, for the appellants.

I. The defendant was the assignee of an undivided interest of two-thirds of the interest, under the lease of Le Couteulx to Trowbridge, of the premises for which rent is claimed, and is, therefore, liable only for that proportion, and for which the defendant offered to allow judgment, with interest and costs.

The assignee of a lease for a part only of the demised premises or interest, under the lease, is not liable for the whole rent, under the lease, but the rent is to be apportioned, and the assignee is liable to a part only, according to his interest in the premises as compared with the whole interest under the lease. (*Van Rensselaer* v. *Jones*, 2 Barb., 643; see the review of cases by WILLARD, J., in the above case.)

The assignee of the lessee is liable only upon the privity of estate, and, therefore, only liable to pay rent for his portion of interest. There is no privity of contract between the assignee and lessor or his assignees. (See the opinion of WILLARD, J., in *Van Rensselaer* v. *Jones* (*supra*), pp. 653, 655, 656, 657, 658 to 665, quoting, also, *Merceron* v. *Dowson*, 5 Barn. & Cress., 479.)

WILLARD, J., at page 664 (*supra*), says: "Nor does it prove that under such an issue the defendant may not meet general evidence of occupancy, from which an assignment of the whole estate may be inferred, with evidence of the exact proportion of which he is assignee, and of such other facts as may aid in apportioning the rent."

Where a covenant running with the land is divisible in its nature, that is, payable in money and not in services, if the entire interest in different parcels of the land passes by agreement to different individuals, the covenant will attach upon each parcel *pro tanto*, and the assignee will be answerable for his own proportion only of any charge upon the land, which was a common burden upon the whole, and will be exclusively, for the breach of any covenant which related to that part alone. (Taylor's Landlord and Tenant, § 443, p. 290; *Astor* v. *Miller*, 2 Paige, 68; *Stevenson* v. *Lambard*, 2 East, 575; Comyn Dig. Covenant, B. 3 or C. 3; *Lansing* v. *Van Alstyne*, 3 Wend., 560.)

The action in 2 East, 575, was to recover of the defendant the whole rent due by the covenant, when the defendant owned only an undivided moiety. It was the same as the present case, and is conclusively in favor of the defendant. The covenant runs with the land.

In *Van Rensselaer* v. *Bradley* (3 Denio, 135), it is held that the assignee is liable only upon the privity of the estate, and is, therefore, only liable for such part of the premises as he holds.

*Privity of estate*, in its nature, means *the relation arising from the actual interest of the assignee.* Rent is apportioned among assignees according to the value of their portions. (*Van Rensselaer* v. *Gallop*, 5 Denio, 454; 3 Kent Com. (8th ed.), 469, *et seq.*) And if there be no proof of value, the apportionment will be according to quantities. (*Van Rensselaer* v. *Jones*, 2 Barb., 643.)

Possession by the defendant is, *prima facie*, a presumption sufficient to charge him, as assignee, for non-payment of rent; yet he may prove that he is not assignee, or, what his *real* interest is. (*Williams* v. *Woodward*, 2 Wend., 487; *Acker* v.

*Witherell*, 4 Hill, 112; Com. Dig. C. 3; *Van Rensselaer* v. *Jones*, 2 Barb., 643; *Merceron* v. *Dowson*, 5 Barn. & Cress., 479; *Quackenboss* v. *Clark*, 12 Wend., 355.)

II. The defendant was an assignee of an undivided interest of two-thirds, under the Trowbridge lease, as tenant in common with Israel T. Hatch, who was the owner of the other undivided third. The possession of one tenant in common is the possession of the co-tenant; and taking the whole profits does not amount to an ouster. (4 Kent Com., 8th ed.; p. 387 and 389.) Consequently, the possession, called by the justice in his findings, the possession of the defendant, is, in law, the possession of his co-tenant Hatch; and the defendant is liable to account to Hatch; but he does not, thence, become liable to pay the whole rent to the lessor. (Id., 389, referring to the R. S., vol. 1, p. 750, § 9; see 5th ed. R. S., p. 39, § 9.)

*Nichols & Robbins*, for respondents. *A. P. Nichols*, of counsel.

I. The defendant and appellant is liable for the whole rent accruing during such possession.

Mann was the assignee of two-thirds, and entered into possession as a matter of right, as between himself and the plaintiffs, and the plaintiffs, by bringing this action, have affirmed that right.

"Where a person goes into possession as an assignee of a lease, and holds himself out to the landlord as such, he is estopped from denying the assignment." (*Carter* v. *Hammett*, 18 Barb., 611, per Roosevelt, J.)

Possession is both the foundation and boundary of the liability. "The assignee, by accepting possession of the land, subjects himself to all the covenants running with the land." (Taylor's Lan. and Ten., 212.) "The assignee is liable only in respect to his possession; he bears the burden while he enjoys the benefit." (Id., 218.)

The assignee of the lease is liable only upon the privity of estate, and is, therefore, bound to pay rent for such part as is in his possession. (Willard, J., 2 Barb., 653; 3 Denio, 135.)

Where one tenant in common occupies the entire premises,

without any agreement with the others as to his possession, he does so in his own right, and is not liable to an action of account, by his co-tenant, for the use and occupation. (*Woolever* v. *Knapp*, 18 Barb., 265, 267.) Each tenant may occupy at any time if he demands it; and a refusal would be an ouster; and his not doing so implies an assent that the other should occupy the whole. (Id.; see, also, per *curiam* in *Sargeant* v. *Parsons*, 12 Mass., 149.)

II. If Hatch is liable for one-third of the rent, he should have been sued jointly with the defendant, and Mann should have plead his non-joinder in abatement.

III. The plaintiffs are entitled to the rent reserved, or to the possession of the premises. Mann is in sole occupancy of the entire premises. *Possession of the whole, under title to a part*, as distinguished from *title to a part*, is the controlling feature in the cases cited by defendants, with one exception (*Cole* v. *Patterson*, 25 Wend., 456), the defendant *either originally entered upon a specific part only* of the demised premises, or, *having entered upon the whole, had been evicted of a part*, under paramount title.

Brown, J. The liability of the assignee, however remote, of an unexpired term, for years or for life, to pay the lessor and his assignees and representatives the rent of the demised premises does not seem to be open to dispute, although the principle upon which the liability rests is involved in some obscurity. When we learn that the common law relations between the assignees of the lessee and the lessor and his assignees is not privity of contract, but privity of estate, we make but little progress. For, notwithstanding some conflict amongst the earlier cases, we shall find that this relation alone, unless it also implies possession of the demised premises by the assignee, is not enough to create the obligation to pay the rent. In *Eaton* v. *Jaques* (Doug., 454), the term had been assigned by way of mortgage, with a clause of redemption, and the action was by the lessor against the defendant, as assignee of one Denys, the original lessee. And it appeared the mortgage had become forfeited,

but the mortgagee had never been in possession of the demised premises. The court held that even after forfeiture the lessor could not recover against the mortgagee, because he had not taken the actual possession. Possession in fact, as well as in law, of the demised premises, were deemed necessary conditions to maintain the action. I shall have occasion to refer to this case hereafter. The next year the case of *Walker* v. *Reeves*, reported in the same book (page 461), came up for consideration. The question arose upon a demurrer to the plaintiff's replication, and the court, Lord MANSFIELD giving the opinion, said: "By the assignment the title and the possessory right passed, and the assignee became possessed in law. As to actual possession, that must depend upon the nature of the property whether it can take place. It might be waste or unprofitable ground, as seemed to have been the case. The case was by no means like *Eaton* v. *Jaques*, for the assignment there being a mortgage, from the nature of the transaction, it was not an assignment to this purpose. It was a mere security. Until the mortgagee called for his money the mortgagor was to remain in possession and pay the interest, and it was not understood by either party that the mortgagee should pay the rent." This reasoning I submit is anything but satisfactory. The question was upon the legal effect of the deed of assignment, whether it *per se* imposed the obligation to pay rent or not. The nature of the demised premises, whether they were waste or profitable, or unprofitable, or what the parties intended touching the payment of the rent, had, I submit, nothing to do with the determination of the question of the effect of the deed. Whenever default was made in the payment of the money secured by the mortgage, the legal estate, by the English law, became vested absolutely in the mortgagee, and he was, in every respect, the assignee of the term, and if he was not liable for the payment of the rent it was not because the lands were waste and unprofitable, or for any parol understanding between him and his assignor, but simply because he had not the actual possession of the subject out of which the rent was

to issue.   This is the principle of the decision in *Walker* v. *Reeves,* disguise it as we may by a multitude of words. Assignees in bankruptcy are also vested with the possession, in law, of the bankrupt's estate as lessee of an unexpired term. Yet it has been determined that they were not liable for the payment of the rent when they had not taken the actual possession, though they had advertised the demised premises for sale, stating themselves to be the owners thereof. (*Turner* v. *Richardson,* 7 East, 335.)   Some of the judges assign, as reasons for their judgment, that the assignees did not assent to the assignment to them, which was necessary to bind them.   This seems illogical and unsound, for if the advertising the property for sale, claiming to be the owner, with the right to convey the title, is not signifying their assent to the assignment to them, it is difficult to say what act would signify their assent.   The true ground of the decision was stated by Mr. Justice GROSE.   It should have been left, he said, to the jury to say whether the defendants were in fact possessed of the premises, and as it is plain from the evidence, that finding they were of no value, they never did enter into possession, and in the true sense of the issue the defendants were not assenting to the assignment of these premises to them.

*Stevenson* v. *Lombard* (2 East, 575), was an action of covenant by the lessor against the assignee of the lessee for non-payment of a year's rent.   Plea as to rent for half a year, claimed eviction during that time of a moiety of the premises by title paramount.   To this there was a demurrer. The court decided that the assignee being chargeable on the privity of estate, and in respect of the land, his rent is, upon principle, apportionable, as the rent of the lessee is.   And there was judgment for the plaintiff upon the demurrer, with leave to the defendant to amend and plead the eviction from a moiety of the premises by title paramount to one moiety of the rent.   The plea, it will be observed, was adjudged bad, because it was offered as a defense to the entire claim, while the recovery and the eviction alleged was only of a moiety.   It was not a mere recovery, but a recovery fol-

lowed by an eviction on an actual dispossession of the defendant from a moiety of the demised premises. The case of *Mercerou* v. *Dawson* (5 Barn. & Cress., 479), as a question of pleading, followed that just referred to, LITTLEDALE, Justice, saying: "If the defendant meant to discharge himself from all liability beyond one-sixth or one-third, he should have confined his plea to so much of the action. There may be difficulty in saying the defendant should have pleaded in abatement, for he might not know the tenants in common with him." There are a variety of cases referred to in Woodfall's Landlord & Tenant, 350, to show that where the assignee who assigns over the term, is liable in covenant for rent during his enjoyment, and if covenant be brought, he may plead that before any rent was due, he granted all his term to I. S., who, by virtue thereof, entered and was possessed, and this will be a good discharge, without alleging notice of the assignment. In one of the cases, it was suggested by BULLER, Justice, that the replication of fraud in the deed of assignment, would be effectual only when the assignor continued in the possession. In *Astor* v. *Miller* (2 Paige, 68), the chancellor, in the opinion, says: "Where a covenant which runs with the land is divisible in its nature, if the entire interest in different parts or parcels of the land passes by assignment to separate and distinct individuals, the covenant will attach upon each parcel *pro tanto*. In such case, the assignee of each part would be answerable for his proportion of any charge upon the land, which is a common burden, and would be exclusively liable for the breach of any covenant which related to that part alone. He quotes Shepherd's Touchstone, 199, and Co. Litt., 385 *a*. He adds: "It may, therefore, be considered now the settled law in England that a mortgagee of leasehold premises is liable to an action on the covenants on the lease, although he has never been in possession of the estate, or received any benefit therefrom. But I apprehend such a principle cannot be sustained here. In the English courts of common law, the mortgagee is still considered the owner of the estate, and the mortgagor only his tenant. (*Patridge* v. *Bere*, 1 Dowl.

& Ry., 272.) In this State, the mortgagee out of possession is considered at law as in equity, as having nothing but a chattel interest in the estate, and the mortgagor, for every substantial purpose, the real owner." In England, the mortgagor being regarded as the tenant of the mortgagee, explains the reason on which the latter is deemed liable for the rent, the possession of the mortgagor being in fact his own possession.

Sergeant Shepherd, a reliable authority upon the law of real property, in his argument in *Webb* v. *Russell* (3 Term R., 193), said: "There are three relations at common law which may exist between the lessor and the lessee and their respective assignees: first, privity of contract, which is created by the contract itself, and subsists forever between the lessor and the lessee; secondly, privity of estate, which subsists between the lessee or his assignee in possession of the estate, and the assignee of the reversioner; and, thirdly, privity of contract and estate, which both exist where the term and the reversion remain in the original covenantors." The learned author of the Touchstone thus holds that possession of the estate by the assignee is requisite to create the relation of privity of estate between him and the lessor. Indeed, I am unable to comprehend how the relation can subsist upon the assignment alone, without an entry by the assignee. He may have acquired the title by proceedings *in invitum*, by sale under an execution or decree of foreclosure, and been unable to obtain the possession. The relation which creates the obligation to pay the rent could hardly be said to exist under such circumstances. For these reasons I am led to the following conclusions: that there is no privity of estate where the assignee is not in the actual possession. Constructive possession is not enough. That whenever the assignee parts with his interest, together with the possession, his liability ceases. When the demised premises are held by divers assignees of the term in several parts, the rent, which is a common charge upon all the parts, may be apportioned amongst them according to the extent of their several shares. And where the demised premises are held by several assignees

as tenants in common, being in the actual possession, there also the rent may be apportioned, and each of them charged with a ratable amount thereof. The present case does not fall within either of these categories. Here the defendant, Abijah Mann, Jr., is the owner of two undivided third parts of the demised premises for the unexpired term as assignee of the lease, and is in the actual possession of the whole. While Israel T. Hatch is, in like manner, the owner of the other undivided third part as assignee of the lease, but is not in the possession and enjoyment of the demised premises, or of any part thereof. Together they have acquired and hold the entire interest of the original lessee, not as joint purchasers, but by separate deeds of assignment, one of them having two-thirds and the other one-third, Abijah Mann, Jr., having the exclusive possession and taking to his own use the proceeds and profits of the property. We are to determine whether this does not impose upon him the legal obligation to pay the rent.

If I am right in what I have said, Israel T. Hatch is under no obligation to pay the rent or any part of it. The material element of possession in fact is wanting in respect to him. If the one-third part of the rent which should proceed from the share assigned to him cannot be recovered from his co-owner who has the exclusive possession, it cannot be recovered at all. This simple proposition is, I think, decisive of the whole question. For, concede that Hatch is not liable, then we have this strange anomaly, to wit, his co-owner and assignee, who claims under the lease reserving rent, and under nothing else, taking to his own use that which is really and truly the property of the landlord, without any legal responsibility to him. Rent signifies a return or compensation issuing yearly out of lands or tenements corporeal, and it is the essential condition upon which the lessee or his assignee is suffered to enjoy the possession, and take the proceeds to his own use, that he shall pay the rent reserved in the deed under which he holds. The question we are considering was incidentally alluded to by Ch. J. TINDALL, in *Curtis* v. *Spitty* (1 Bing. N. C., 756), which

was an action for rent against an assignee, the defendant
in his plea traversing the averment in the declaration that
all the estate in the premises had vested in him.   The jury
found the defendant was assignee only of a part of the
premises, and judgment was ordered for the defendant upon
the issue.    The judge said, "the action, depending as it does
upon the privity of contract being transferred to the assignee
by reason of the privity of estate, that is by reason of the
plaintiff being the landlord and the defendant the tenant of
the same land, opens a very nice and difficult question, not
settled by any decision in the books, so far as we can ascer-
tain, namely, whether there exists a privity of estate in
respect of the whole land by an assignment of a part only."
It appears from the report of the case that the part of the
premises assigned to the defendant was one-third assigned
in severalty, and there was no claim that he occupied more
than this third part.   I attach no inconsiderable weight to
the observations of Mr. Justice BULLER, in *Eaton* v. *Jaques*
(*supra*), as showing the principle upon which the liability of
the assignee rests."   Why is it said that the lessee for years
is liable without entry?   Because the rent is due by him
in respect of the contract.   But an assignee is only liable in
respect to the thing enjoyed, and, therefore, the present case
is more like that first put in *Bellasis* v. *Burbreck*, viz., the
case of a lessee at will who is only liable in respect to his
occupation.   I do not agree with Mr. Ward that if even
the assignment was absolute the action would lie without the
possession.   There is no instance.   The distinction between
a naked right and the beneficial enjoyment is founded in
sound reason.   And there are authorities in Danver's
Abridgment, Title Rent, where the court declared that the
ground upon which assignees are made liable is because
they have enjoyed the rents and profits.   I do not wonder
there are no old cases on this subject.   But the question
here being whether mere nominal assignees, with the naked
right, or only substantial assignees in the actual enjoyment
of the estate, shall be liable to the action.   I think only
those of the last description are liable.   This argument

applies with peculiar force to the case of the assignee of an undivided share who is in the exclusive possession of the whole, taking the rents and profits to his own use. He may be said to be in theory, as well as in fact, possessed *per my et per tout*, of his own part as well as of the whole. His co-owner being, in respect to the landlord, a mere nominal assignee in the enjoyment of no beneficial interest, doing nothing and deriving nothing from the estate from which duties or obligations to the former can be implied. While the assignee in possession has all that is useful or beneficial issuing out of the lands, and should, upon the most obvious principles of justice, be required to pay the rent reserved as the condition of his enjoyment.

I have not been able to find any reported case which determines the question involved, and it is not without some hesitation that I adopt the conclusion that the judgments in the court below should be affirmed.

All the judges concurring, judgment affirmed.