# FRANKLIN L. BABCOCK *et al.*

## *v.*

## JAMES W. SCOVILLE.

56  461
33a 364

1. ASSIGNEE OF A LESSEE — *whether liable for rent.* It is not necessary in order to subject an absolute assignee in fact of a term of years to a liability to the lessor for rent, that such assignee shall have entered into possession of the demised premises.

2. SAME — *where there are several assignees — whether jointly or only severally liable.* Where several persons hold the entire interest of the original lessee of premises, not as joint purchasers, but by separate deeds of assignment, each of them an undivided interest, they are not jointly liable to the lessor for the whole rent, but each assignee is severally liable for a part only according to his interest in the premises as compared with the whole interest under the lease.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of covenant, brought by Scoville against Franklin L. Babcock, Rudolphus Babcock and Daniel L. Boone, to recover rent alleged to be due to the plaintiff, from the defendants jointly, as assignees of the lessee of certain premises.

It appears the defendants held the entire interest of the original lessee, not as joint purchasers, but by separate deeds of assignment, each of them an undivided one-third interest.

The court below held the defendants jointly liable, and judgment was entered accordingly. They thereupon sued out this writ of error.

Messrs. SLEEPER & WHITON, for the plaintiffs in error.

Messrs. SCOVILLE, BAILEY & BRAWLEY, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Two questions arise on this record:

1st. Does the absolute assignee of a lease become liable for the rent to the lessor before entry into possession?

2d. Is the assignee, by a separate deed, of an undivided interest in a term of years, jointly liable with all the other assignees of the remaining undivided interests in such term, to pay the whole rent to the landlord, none of the assignees having taken actual possession of the premises?

In support of the negative of the first proposition, which is maintained by the plaintiffs in error, one, and only one, authority, has been adduced, that of *Damainville* v. *Mann*, 32 N. Y. 197, which, with the authorities therein cited, is confidently referred to as decisive of the point.

It is held in that case, that the assignee of the lessee of a term of years is under no obligation to pay rent to the original landlord, until he has actually entered into possession of the premises; that it is the privity of estate between the lessor and assignee which creates the obligation to pay rent, and that there is no privity of estate where the assignee is not in the actual possession.

The principal authorities in support of the decision cited, seem to have been, *Eaton* v. *Jaques*, Doug. 454; *Turner* v. *Richardson*, 7 East, 335; and what Sergeant SHEPHERD said in his argument in *Webb* v. *Russell*, 3 Term R. 193. In *Eaton* v. *Jaques* it was decided, that if a term of years is assigned by way of mortgage, with a clause of redemption, the lessor can not sue the mortgagee as assignee of all the estate, right, title, interest, etc., of the mortgagor, even after the mortgage has been forfeited, unless the mortgagee has taken actual possession. It is true, that Mr. Justice BULLER there says, " I do not agree with Mr. Ward that, even if the assignment was absolute, the action would lie without the possession. There is no instance. The distinction between a naked right and the beneficial enjoyment is founded in sound reason. And there

are authorities in Danver's Abridgment, title Rent, where the
court declared that the ground upon which assignees are made
liable is because they have enjoyed the rents and profits," and
much weight was declared, in the New York case, to be attached
to these observations. But the other judges rather carried the
idea that, being by way of mortgage, it was not a complete
assignment. Lord MANSFIELD said, in conclusion of his opin-
ion, it was not an assignment of *all* the mortgagor's estate,
right, title, etc. WILLIS and ASHHURST, Justices, of the same
opinion.

*Turner* v. *Richardson* was an action for rent, brought by
the landlord of certain premises against the assignees of a bank-
rupt lessee, where Lord ELLENBOROUGH said, "it had been de-
cided that assignees of a bankrupt are not bound to take, what
Lord KENYON called *a damnosa hæreditas*, property of the
bankrupt, which, so far from being valuable, would be a charge
to the creditors; but they may make their election." It was
there admitted that the assent of the defendants, to the assign-
ment to them, was necessary to bind them, and held that there
was no such assent; that the advertising the premises for sale
was a mere-experiment, to enable them to judge whether the
lease were worth their taking."

Taylor's Landlord and Tenant, section 451 and section 456,
adverts to the distinction in the case of such assignees in law :
" When the assignment is by deed, an assignee becomes *liable as
such,* by merely accepting the deed; but, if a man becomes
assignee only by operation of law, he is not, in general, charge-
able until he actually enters, or does some act showing his ac-
ceptance of the lease."

The observation of Sergeant SHEPHERD, referred to in his
argument in *Webb* v. *Russell*, was this, in speaking of the
three relations, at common law, between the lessor and the
lessee, and their respective assignees, after first mentioning
privity of contract, he said: "Secondly, privity of estate,
which subsists between the lessee, or his assignee in possession
of the estate, and the assignee of the reversioner." After

quoting which, in the opinion in *Damainville* v. *Mann*, it is remarked: "The learned author of the Touchstone thus holds that possession of the estate by the assignee is requisite to create the relation of privity of estate between him and the lessor."

With this much of authority in support of the doctrine, laying out of view the case of an assignee by operation of law, so far as has come under our examination we do not find it elsewhere laid down in any reported case, or by any legal writer of approved authority, that, in the case of an absolute assignee in fact of a term of years, an entry by the assignee is necessary, in order to subject him to a liability for the rent, but the whole tenor of authority is to the contrary.

The case of *Eaton* v. *Jaques*, decided in 1780, was, subsequently, in 1819, in *Williams* v. *Bosanquet et al.* 1 Brod. & Bing. 238, 5 Com. Law Rep. 72, formally overruled, upon a consideration of all the previous cases.

It was there *held*, that when a party takes an assignment of a lease, by way of mortgage as a security for money lent, *the whole interest passes to him*, and he becomes liable on the covenant for payment of rent, though he has never occupied or become possessed of the premises in fact.

In *Astor* v. *Miller*, 2 Paige, 77, the chancellor, in the opinion, remarking upon these cases, says: "It may therefore be considered as now settled, in England, that a mortgagee of leasehold premises is liable to an action on the covenants in the lease, although he has never been in possession of the estate, or received any benefit therefrom." To the same effect is *Calvert* v. *Bradley et al.* 16 How. 593.

Although, in this country, the better opinion may be in favor of the decision in *Eaton* v. *Jaques*, it would be upon the ground that the estates of the mortgagor and mortgagee are viewed differently here and in the English courts. In their common law courts the mortgagee is considered the owner of the estate, while here, generally, perhaps, while the mortgagee is out of possession, the mortgagor, for every substantial purpose, is the real owner ; so that the mortgagee of a term of years, who has

not taken possession, is not to be treated as a complete assignee. But this would in no wise militate against the liability, in such case, of an absolute assignee.

The distinction is thus recognized in Cruise's Digest: "It is a principle of law that *an assignee of a lease is subject to the performance of all the covenants* contained in such lease. So that, where a lease was assigned by way of mortgage, the mortgagee would become liable to the covenants in the lease, unless a *distinction* were made between an *absolute assignment* and *one made by way of mortgage.* Upon this ground it was determined by the court of King's Bench, in 1783, that, if a leasehold was *assigned as a security only* for the re-payment of a sum of money, the *lessor could not sue the mortgagee,* as assignee of all the mortgagor's estate, even after the mortgage was forfeited, *unless the mortgagee had entered into possession.*

"But this doctrine has been altered, and it is now settled that when a party takes an assignment of a lease, by way of mortgage, the whole interest passes to him, and he becomes liable on the covenant for payment of rent, though he never occupied or became possessed in fact." Greenlf. Cruise, 580.

The assignee of a term is bound to perform all the covenants annexed to the estate, as, if A leases land to B, and B covenants to pay the rent, repair houses, etc., during the said term, and B assigns to J. S., the assignee is bound to perform the covenants, though the assignee be not named, because the covenant runs with the land. 1 Bac. Abr. 524, Covenant (E), 3.

Upon a covenant running with the land, etc., the assignee of the lessee is liable to an action for a breach of covenant committed after the assignment of the estate to him, and though he have not taken possession. 1 Chit. Pl. 55.

In 2 Chit. Pl. 552*b*, and 552*d*, are precedents of a declaration in covenant, against the assignee of a lessee for rent, and for not repairing. The one for rent contains no averment of an entry by the assignee, and in note (*t*), p. 552*e*, it is said: In an action against a lessee for years, it is not necessary to allege an entry, and, even against the assignee of the lessee, such aver-

30 — 56TH ILL.

ment seems unnecessary, referring to preceding page, 550a, note (y), which cites authorities. The precedent for not repairing, avers the entry of the assignee, but in a note thereto, it is said, this does not seem necessary.

In Taylor's Land. and Tenant (4th ed.), section 450, it is said: "An actual entry upon the demised premises, by an assignee of the lessee, is not requisite, in order to charge him with the performance of covenants running with the land; for, by accepting an interest under the conveyance, he incurs all the responsibility connected with the estate, as if he had taken possession in fact."

In 1 Washb. on Real Prop. (3d ed.) 438, it is laid down: "Nor does the liability of an assignee, during the time that the term remains vested in him, depend upon his ever having actually entered into possession of the premises, unless, perhaps, the assignment be by way of mortgage, in respect to which different opinions have prevailed." Id. 456, and see *Watson* v. *Cronly's Administrators,* 14 Wend. 63.

As to the position that the action is maintainable against the assignee, only *upon the privity of estate,* and that he is merely charged thereby, because it is a covenant which runs with the land, and that this relation can not subsist upon the assignment alone, without an entry by the assignee, we fail to perceive why such entry is essential to constitute such relation. Of so little avail, in this respect, is possession, that where an under lessee has all of the term but one day, and is in the actual possession, there is no privity of estate between him and the original lessor, and no liability to the latter on any covenants in the original lease, because the former has not the whole of the unexpired term. *Van Rensselaer's Exrs.* v. *Gallup,* 5 Denio, 460, and cases cited.

We understand, that where a lesser estate is carved out of a greater one, the relation of privity of estate subsists between the owners of the respective estates; and that such privity exists by virtue of the absolute ownership of the less estate, and right of immediate possession, irrespective of the fact of

actual possession; that is, in the case of an assignment in fact. It is said, a lessee, during his occupation, holds both by privity of estate and of contract. His *privity of estate* depends upon, and is co-existent with, the continuance of his term. By an assignment, he divests himself of this privity and transfers it to his assignee; it remains annexed to the estate, into whose possession soever the lands may pass, and the assignee always holds in privity of estate with the original landlord. Taylor's Land. and Ten. § 436.

In the light of the authorities referred to, we can not but regard the decision in the case of *Damainville et al.* v. *Mann*, in so far as it holds an entry into possession necessary to create a liability to pay rent on the part of an absolute assignee in fact, as a departure from the common law, and deeming it our duty to adhere to the rule of the common law, we must hold, that, in accordance with what we conceive to be that rule, these assignees, plaintiffs in error in this case, have incurred a liability to pay rent to the original landlord, although they have never been in actual possession of the demised premises.

The next question is, whether their liability is joint or several.

There could be no question had the entire interest in different parcels of the land passed to the plaintiffs in error. Where a covenant running with the land is divisible in its nature, if the entire interest in different parcels of the land passes by assignment to different individuals, the covenant will attach upon each parcel *pro tanto*, and the assignee will be answerable for his proportion only of any charge upon the land, which was a common burden upon the whole; and will be exclusively liable for the breach of any covenant which related to that part alone. Taylor's Land. and Ten. § 443; 1 Washb. Real Prop. 428; *Stevenson* v. *Lambard*, 2 East, 575; *Van Rensselaer* v. *Bradley*, 3 Denio, 135; 5 id. 454.

This case is somewhat different, for the plaintiffs in error have no entire interest in any part, but a partial interest in the whole.

But we are referred to no authority which varies the rule in such case, and we perceive no sufficient reason for so doing. Were the assignees to be held jointly liable, one of them might be made to pay the whole rent, which would be manifestly unjust.

They hold the entire interest of the original lessee, not as joint purchasers, but by separate deeds of assignment, each of them an undivided one-third; neither one of them has taken actual possession, and, in our opinion, they are not jointly liable for the whole rent, but each assignee is severally liable for a part only, according to his interest in the premises as compared with the whole interest under the lease. The court below erred in holding them jointly liable for the whole rent. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*