(26 Misc. Rep. 410.)

### LEVY v. LONG ISLAND BREWERY.

(Supreme Court, Appellate Term. February 24, 1899.)

1. LEASE—ASSIGNMENT AS COLLATERAL—ASSIGNEE'S LIABILITY.
　　The assignee of a lease assigned as collateral security by the lessee cannot be held for rent unless he takes actual possession of the premises.
2. TENANCY—PRESUMPTION.
　　The mere receipt of a key to the premises by the assignee raises no presumption of tenancy, where a return was forthwith tendered to the landlord.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action for rent by Morris Levy against the Long Island Brewery, sued as the Long Island Brewing Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward V. Slawson, for appellant.
Louis S. Finn, for respondent.

LEVENTRITT, J. The plaintiff was the owner of the premises known as "No. 49 Pike Street," in the city of New York. By a written instrument of lease, bearing date the 20th day of May, 1898, he demised to one Adolph Silverman the store and basement for a term of three years, commencing on the 1st day of June, 1898, at a yearly rental of $360, payable monthly in advance. Silverman entered into possession pursuant to the lease. Thereafter, and on the 16th day of July, 1898, having become indebted to the defendant for money

loaned, he executed and delivered to it an assignment of said lease as collateral security for the loan. Upon the face of the instrument appears the statement, "This assignment is made as collateral security." On the 18th day of July, 1898, the plaintiff indorsed thereon his consent to the transfer. Silverman having defaulted in the payment of the rent for the months of August and September, 1898, the plaintiff instituted this action against the defendant for the sum of $60 as the rent for that period, and recovered judgment accordingly.

The liability of the defendant depends on the fact whether or not it took possession of the demised premises under the assignment. The transfer of the lease was by way of mortgage, and the defendant, under it, became the mortgagee of the term. To render the assignee of the lease liable for the rent to the lessor, the entire term must be transferred to him. Van Rensselaer's Ex'rs v. Gallup, 5 Denio, 460; Davis v. Morris, 36 N. Y. 569. But where the assignment is conditional, or not for the entire term, and the assignee or mortgagee does not go into possession, no such liability arises. The early case of Astor v. Hoyt, 5 Wend. 603, follows the rule announced by Lord Mansfield in Eaton v. Jaques, 2 Doug. 455, to the effect that a mortgagee of the lessee of a term, never having taken possession under the mortgage, is not liable as assignee for rent in arrear. This rule has been uniformly followed in this state. Walton v. Cronly's Adm'r, 14 Wend. 63; Damainville v. Mann, 32 N. Y. 197; Tallman v. Bresler, 65 Barb. 369; Id., 56 N. Y. 635. "The mortgagee of a term who has never taken possession is not an assignee for the whole term, or liable for rent in arrear; the mortgage being but a security, and the legal estate still remaining in the mortgagor." Tallman v. Bresler, 65 Barb. 369. The naked right which the mortgagee has, and the beneficial enjoyment of the premises, are distinguishable (Damainville v. Mann, 32 N. Y. 207), and it is only when a mortgagee takes possession that he has the estate cum onere, and becomes liable as assignee upon the covenants contained in the lease (Eaton v. Jaques, 2 Doug. 455). In the case at bar the assignment of the lease was expressly stated to be made "as collateral security" for the payment of the loan made by the defendant to Silverman. The plaintiff, to recover, must therefore show that the defendant entered into actual possession of the premises. The record is devoid of evidence in that behalf. The plaintiff invokes the admission of the defendant that, at the time of trial, it was in possession of the keys of the store and basement in question, to sustain the plea of its occupation of those premises. No such presumption, however, arises under the circumstances disclosed. The keys were sent to the defendant unsolicited, and their return was forthwith tendered to the plaintiff, whose refusal to accept left them in the defendant's hands against its protest. While a tenancy may be implied from the taking of a key of premises for the purpose of occupying them (Little v. Martin, 3 Wend. 219), the mere receipt of the key raises no presumption of tenancy (Townsend v. Albers, 3 E. D. Smith, 560). There being, therefore, no evidence of possession, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.