## Charles C. Landt, et al., v. James C. McCullough.

### Gen. No. 12,021.

1. ERASURES AND ALTERATIONS—*when do not render written instrument incompetent.* Where the party offering such an instrument testifies that the same is in the same condition as when originally executed, and such testimony is corroborated by circumstances, erasures and alterations appearing on the face of the instrument do not render the same incompetent.

2. VARIANCE—*when question of, cannot be raised.* The question of variance cannot be first raised on appeal.

3. RENT—*possession not essential to liability to pay.* The liability of a tenant to pay rent is not dependent upon his having possession.

4. MOTION FOR NEW TRIAL—*when grounds of, waived.* Where a written motion specifying grounds for a new trial has been filed, grounds not specified are waived.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905.

FOLLANSBEE, MCCONNELL & FOLLANSBEE, for appellants.

E. W. ADKINSON, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

James C. McCullough, the appellee, by written lease of date March 20, 1889, demised to James M. Stebbins certain premises therein described for the term of fifty years from May 1, 1889, reserving as rent therefor $1,050 per annum, payable in quarterly installments of $262.50 each, on the first days of August, November, February and May for the first sixteen years of the term, the rent for the remainder of the term to be fixed by revaluaton, as in said lease provided. The lessee, by the lease, agreed to pay all taxes and assessments which might be levied on the demised premises for the year 1889, and each subsequent year of the term, before application for judgment for the same should be made, the lessor to have the privilege of paying any of such taxes or assessments, after the same should become due, the amount to be so advanced by the lessor to be so much additional rent due from the lessee on the next rent day.

October 12, 1892, Stebbins, lessee, by written instrument under seal, assigned all his right, title and interest in said lease to Charles C. Landt and Will H. Moore, the appellants, and acknowledged his signature to the assignment before a notary public. At the same date, James C. McCullough, by written instrument under seal, assented to said assignment, and acknowledged his signature before a notary public. The assignment, assent of McCullough and the acknowledgments were with the copy, recorded in the recorder's office of Cook county October 17, 1892. Appellee, claiming that the appellants had paid no rent since January 22, 1897, sued them in assumpsit, and the jury, by the court's instruction, found for appellee and assessed his damages at the sum of $1,000.

The defense of appellants in the trial court consisted wholly of objections, which will now be considered. The lease and also a copy of the lease, to which latter the assignment from Stebbins, the lessee, to appellants, was attached,

were objected to as evidence, on the ground that material alterations and interlineations appeared thereon.

Mr. McCullough, before the original lease was admitted in evidence, testified that when he and Mr. Stebbins signed it, it was in precisely the same condition as when it was produced on the trial. The witness further testified, in substance, that a duplicate of the lease (which is the copy above referred to) was signed by him and Stebbins, and that he retained one copy and the other went to the lessee, Stebbins, and subsequently to appellants, the assignees; also, that after the two papers, namely, the assignment from Stebbins to appellants, and the written assent of witness, were signed by Stebbins and witness, they were delivered to C. C. Landt and Will H. Moore, the appellants.

Appellants' counsel devote some 15 printed pages to the discussion of alleged erasures, etc., notwithstanding the testimony of appellee that when he and Stebbins, the lessee, signed the lease, it was in precisely the same condition as at the time of the trial, and also notwithstanding an accurate copy of it went into appellants' hands, at the time of the execution of the assignment by Stebbins, and they paid rent in accordance with the terms of the lease from October 12, 1892, until January 22, 1897. The copy which went into appellants' possession, when they took the assignment, is, as before stated, an exact copy of the original, in fact both are originals, and it will hardly be claimed that appellants changed their copy. We must endeavior to be guided by common sense, and not permit ourselves to become entangled and lost in a maze of thinly-disguised subtleties.

Counsel argues with apparent rather than real seriousness, as we think, that the evidence is insufficient to prove delivery of the lease to Mr. Stebbins, the lessee, in such manner as to bind appellants. The proof is uncontradicted that the lease was delivered to Mr. Stebbins. Counsel urge that the evidence of acceptance of the assignment of the lease is insufficient. Is it? The evidence is that the written assignment was delivered to appellants; the assignment with the consent thereto are both written on paper on which is the

professional card, "Will H. Moore, Attorney at Law, 150 Dearborn Street, Chicago," and the assignees paid rent for about five years.

It is next urged that the court erred in admitting evidence of payment by appellee of the taxes levied on the demised premises for the year 1900. The appellee put in evidence a tax receipt of date May 28, 1901, showing payment of taxes on said premises for said year amounting to $213.35. By the terms of the lease appellee was authorized to pay these taxes, at any time after they became due, the amount thereof to be so much additional rent due the next rent day. The taxes of 1900 became due prior to May 1, 1901. But counsel say there was a variance between the declaration and the evidence, the averment in the declaration being, without a *videlicet,* that appellee paid $216.78. This, if counsel could at all avail of it, it is now too late to urge, as no objection was made to the receipt, in the trial court, pointing out specifically in what the variance consisted.

It is objected that no proof was offered of the amount of rent due. The lease shows on its face the reserved rent, and appellee testified, without contradiction, that the last rent received by him from appellants, he received January 22, 1897.

It is urged that there is no evidence that appellants went into possession. It is too great a tax on our credulity to be asked to believe that appellants paid rent for nearly five years, without enjoying the property. Besides, the liability of appellants does not depend on their possession. Babcock v. Scoville, 56 Ill., 461.

Lastly, counsel say that the evidence did not warrant a verdict for $1,000. Appellants filed a written motion for a new trial, and it is not urged as a reason for the motion that the damages are excessive. Therefore they are not in a position to make this objection. R. R. Co. v. McMath, 91 Ill., 104. However, the evidence warranted a verdict for a larger sum.

We have tried to be patient with counsel; but must admit that it is extremely irksome to be compelled to consider so

many trifling objections; objections which merely serve to illustrate the want of a substantial defense.

The judgment will be affirmed.

*Affirmed.*