### EARLY v. H. KOEHLER & CO.

(Supreme Court, Appellate Term. May 15, 1908.)

LANDLORD AND TENANT—ACTIONS AGAINST ASSIGNEE OF LEASE—PROOF AND VARIANCE—ASSIGNMENT AND TAKING POSSESSION.

In an action for rent, where plaintiff alleged that M., the original tenant under a lease, assigned it to defendant company, and that defendant, as tenant, entered into possession of the premises under the conditions of the agreement, and is still in possession, but the evidence showed that the assignment of the lease was merely to secure an indebtedness, evidence that M. remained in possession for 20 months after the assignment, and then sold his business to K., and that defendant accepted K. as its debtor in place of M., and promised to pay the rent thereafter, and did pay it for 4 years, is not admissible under the allegations of the complaint.

Appeal from City Court of New York.

Action by Margaret Early against H. Koehler & Co. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Pratt & Koehler (Jerome H. Koehler, of counsel), for appellant.

Yeomans & Ironsides (Ward B. Yeomans, of counsel), for respondent.

GILDERSLEEVE, P. J. This action was begun in December, 1906, to recover from defendant the rent for the months of September, October, and November, 1906, of certain premises in this city. On May 1, 1900, the plaintiff herein leased the premises to one McCann for a term of 7 years. McCann entered into possession of the premises, using them for saloon purposes. The complaint alleges that on January 29, 1901, said McCann "sold, assigned, and transferred unto H. Koehler & Co. all his right, title, and interest in and to said agreement of lease, and all his rights and privileges thereunder, and said H. Koehler & Co., as tenants entered into possession of said premises under the conditions of said agreement, and are still in such possession." Upon the trial the plaintiff introduced in evidence an assignment of the lease from McCann to the defendant, dated January 29, 1901. This assignment recited that it was given "as security for the payment of the said * * * McCann to the said H. Koehler & Co., more particularly provided for in the certain mortgage, made by said * * * McCann to said H. Koehler & Co., to secure payment of said indebtedness." This assignment, standing alone, did not render the assignee liable for rent to the lessor, as the same was conditional. Levy v. L. I. Brewery, 26 Misc. Rep. 410, 56 N. Y. Supp. 242.

To charge the defendant with the rent sued for, it became necessary for the plaintiff to show that the defendant had taken possession of the property, or had in some way, other than by the force of the assignment, rendered itself liable to the landlord for the payment of the rent. To do this the plaintiff offered testimony tending to show that McCann, in September, 1902, having remained in possession of the premises and paid rent up to that time, sold his interest in the business to one Kane; that at the time of the transfer to Kane the defendant accepted Kane as its debtor in place of McCann, directed McCann to turn over the keys of the premises to Kane, and promised to pay the rent thereafter to the plaintiff; and that the defendant did pay the rent until September, 1906. This testimony was objected to, as not being within the issue. The objections were overruled, and exceptions taken thereto. The defendant also moved to dismiss the complaint upon that ground, calling the plaintiff's attention specifically to the fact that the complaint set up an absolute assignment of the lease to the defendant, while the proof showed that it was given merely as collateral security, and that the testimony as to the subsequent acts of the parties was not within the pleadings. This motion was denied, and no motion was made to conform the pleadings to the proof. Assuming, but not deciding, that the acts of the defendant, at a period nearly two years after the making of the assignment, were sufficient to render the defendant liable to the plaintiff for the rent from that time, nevertheless the testimony as to these acts was not admissible under the pleadings as they stood, and the defendant's objections were well taken, and should have been allowed. The plaintiff must recover, if at all, under the allegations set forth in the complaint, and, as they are now framed, they did not permit of the proof offered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.