## LITTLE vs. MARTIN.

ERROR from the New-York common pleas. Martin sued Little in the court below, in an action of assumpsit for *use and occupation* of a house. In August, 1826, it was agreed between the parties that the defendant should take a lease of the house for five years, at the rent of $300 per annum. A few days afterwards, a clerk of the defendant called on the plaintiff to inquire her name and the number of the house to be inserted in a lease, said the leases would be prepared the next day, and desired the plaintiff to call at the defendant's to execute them. About the middle of August, a servant of the defendant called on the plaintiff to obtain the key of the premises, saying it was wanted to shew the upper part of the house to some person who was about hiring the same. The key was sent to the defendant, and delivered by his orders to his servant. On the 19th December, the plaintiff tendered a lease to the

*Where there is an agreement to demise a house for five years, and leases to be executed, under which the party enters, and subsequently refuses to accept a lease, the owner may maintain assumpsit for the use and occupation.*

*Taking the key of the house, without a continued actual occupation, is enough to entitle the plaintiff to sustain the action.*

The plaintiff is not bound to sue upon the agreement, and the statute of frauds cannot be objected to a recovery, as the suit is not on the contract.

defendant, who refused to receive it unless the plaintiff would make certain alterations in the premises, which he alleged she had agreed to have made. It was then agreed that the defendant should surrender the *key* and be released from all claim for coming rent, without prejudice to the plaintiff's claim for rent then accrued. The key was delivered up; the plaintiff let the premises to another person, and brought her suit to recover for the use and occupation of the premises by the defendant.

The defendant moved that the plaintiff be nonsuited; because, 1. No use and occupation had been proved; 2. The plaintiff's claim, if any, was for a breach of the contract in not accepting the lease, there being no lease, but only an agreement for a lease; and 3. The agreement being by parol for a lease for five years, it was void by the statute of frauds. His honor, the first judge of the common pleas, denied the motion; and the jury, under his direction, found a verdict for the plaintiff for $37,50. The defendant excepted to the decision, judgment was entered for the plaintiff, and a writ of error sued out.

*W. P. Hawes,* for plaintiff in error. No occupation of the premises by the defendant below was shewn. The *key* was kept, and the defendant entered, if he may be considered as having entered under the agreement for a lease, which did not create the relation of landlord and tenant. (13 Johns. R. 489. 6 id. 46.) The defendant's occupation, if so it may be called, was under the agreement; and that being by parol for five years, is void, and will not sustain an action. The law will not imply a promise where there is an express agreement. Where a tenant enters under an agreement for a lease before the lease is executed, the lessor cannot dstrain; for there is no demise, either express or implied. (2 Taunton, 148.)

*P. A. Cowdrey,* for defendant in error. By statute, (1 R. L. 444,) a landlord may recover a reasonable satisfaction for tenements held, in an action for use and occupation, where the agreement is not by deed. The question on the motion for a nonsuit was, whether there was any evidence proper to

be submitted to a jury, from which a tenancy could be inferred. The possession passed by the delivery of the key. (1 East, 194. 2 Johns. R. 56. 5 id. 344.) Having the control of the premises, it was optional with the defendant to occupy if he chose. It has been expressly decided, where there was an agreement to demise, but not amounting to an actual lease under which the party entered, the owner might maintain assumpsit for the use and occupation. (4 Esp. R. 59; Peake's N. P. 192; recognized in 13 Johns. R. 299.) Having entered upon the agreement for a lease, the defendant could not object the statute of frauds.

*By the Court*, MARCY, J. If there is any error in this case, it is embraced in the first objection. As to the second, it is disposed of by the statute; for it expressly provides that if an agreement not by deed appears, the plaintiff shall not be nonsuited, but may use it to shew the amount that he is entitled to recover; and to the third, it is a sufficient answer to say, the action is not upon the contract; it has nothing to do with the suit any further than that the proof of it, though not made as the statute requires, establishes the fact that the defendant below went into the occupation of the premises, if in truth he did occupy them, by the permission of the plaintiff. This fact it was incumbent on the plaintiff to prove; and it is as well proved by shewing an entry under a void contract as under a valid one.

The exception is taken to the decision of the judge on the motion for a nonsuit; and the only question is, whether he erred in ruling that there was sufficient evidence to carry the cause to the jury. To sustain an action for use and occupation, actual occupation is not indispensably necessary. Rent in this form of action has been recovered where there was no actual occupancy by reason of the premises being burnt down, (4 Taunt. Rep. 45,) and also where the defendant has actually deserted them; and that too after the plaintiff had said to him he might quit if he pleased. (2 Campb. 103.) Taking the key, and entering into the premises without a continued actual possession, would be a sufficient use and occupation to enable the plaintiff to recover. The facts

UTICA,
August, 1829.

Jackson
v.
Elmendorf.

proved by the plaintiff below would warrant the jury in finding an occupancy by the defendant in this case, and the judge therefore decided correctly in refusing the motion for a nonsuit.

Judgment affirmed.