## Wood *vs.* Wilcox.

Assumpsit for use and occupation will not lie where the defendant never went into possession of the demised premises under the lease or agreement, either personally or by an agent or under-tenant. In such a case, the remedy is upon the lease or agreement.

Under the English statute and the former statute of this state, such action would lie to recover for the whole term, provided the defendant once entered into possession under the lease or agreement, though he should afterwards leave the premises vacant: but whether under the provision in the revised statutes, in which the language is somewhat changed, a recovery could now be had for a longer period than that during which the premises were actually occupied by or under the defendant, *quere.*

Assumpsit for the use and occupation of a dwelling house in the city of Albany for two quarters, from May 1, 1842, to November 1, 1842. The cause was referred, and it appears by the report of the referee, that the defendant took a lease of the house from May 1, 1841, to May 1, 1842, at the yearly rent of $180, payable quarterly: and there was evidence tending to show that, shortly previous to the expiration of said lease, the defendant agreed to continue in possession as such tenant for the next year, to commence at the expiration of the former lease ; but before the first year ended, the defendant quit the premises, and did not afterwards occupy them.

The referee reported for the plaintiff; which report the defendant now moves to set aside.

*Pruyn & Southwick,* for the defendant.

*B. R. Wood,* in person.

*By the Court,* Beardsley, J. I shall assume, what perhaps is not very clearly proved, that the defendant agreed to hire the premises for the year commencing on the first of May, 1842, at a specified rent, and therefore that an action would lie on the contract. But he did not in person occupy the house

during any part of that time, nor is it shown that he did so by an under-tenant, agent or otherwise. Upon this the question arises whether an action for use and occupation will lie, where there has been no occupation of the premises, of any description, by or under the defendant, during any part of the term for which they were leased.

An action of assumpsit for use and occupation would not lie at common law. (*Comyn, Land. and Ten.* 435.) It was first authorized by the English statute of 11 *Geo.* 2, *ch.* 19, which was followed at an early period by a similar enactment in this state. The revised statutes provide, that any landlord may recover in this form of action " a reasonable satisfaction for the use and occupation of any lands or tenements, by any person under any agreement not made by deed." (1 *R. S.* 748, § 26.) Under this statute the landlord is not to recover the *rent* agreed to be paid, but "a reasonable *satisfaction*" in lieu of such rent. And although an "*agreement*" for the use of the premises must be proved, or the action will in no case lie, the landlord is not to recover "*satisfaction*" for a breach of the agreement, but "*for the use and occupation*" of the premises. Looking at this as an original question on the words of the statute, I should say it was clear, beyond doubt or cavil, that there must be not only an "*agreement*" to occupy, but an actual "*occupation*," or the action could not be sustained in any case.

But the present statute of New-York is strikingly variant from the 14th section of 11 *Geo.* 2, *ch.* 19. This section provides, that the action for use and occupation may be brought where the premises were *held* by the defendant under an agreement not by deed, as well as where they were *occupied* by him. (*See the Stat. in Comyn,* cited above; *Stephen's N. P.* 2718; *Chit. on Cont.* 374.) Under this statute the landlord has often recovered for a period of time during which the premises were in no sense *occupied* by the defendant, although they were *held* by him; and on that distinction the recovery was had. I am aware that Ch. J. Eyre remarked, in *Naish* v. *Tatlock* that the statute of 11 *Geo.* 2, "meant to provide an easy remedy, in the simple case of *actual occupation*, leaving other more

complicated cases to their ordinary remedy." (2 *H. Bl.* 323 ) But this has been regarded as too narrow a construction of the statute, which allows the action to be brought where premises were *held,* as well as where they were *occupied,* by the defendant. Thus, in *Whitehead* v. *Clifford,* Gibbs, Ch. J. said: " The action for use and occupation depends either upon actual occupation, or upon an occupation which the defendant might have had, if she had not voluntarily abstained from it." (5 *Taunt.* 518.) To the same effect is the remark of Abbott, Ch. J. in *Gibson* v. *Courthope,* (1 *Dowl. & Ryl.* 205.) " It is not necessary," he said, " there should be an occupation in fact to sustain the action for use and occupation. Many instances have occurred where a person being in the occupation has quitted before his time, and has been sued in an action for use and occupation for the quarter or half year, as the case may be, though there has been no occupation for the whole period." In *Baker* v. *Holtpzaffell,* (4 *Taunt.* 45,) the defendant had agreed to take a house for a specified time, and he entered and occupied accordingly. While thus in possession, the premises were consumed by fire, and the defendant abandoned them. An action for use and occupation was brought to recover for the whole term, and it was held to be maintainable, Mansfield, Ch. J. remarking that " the tenant might have rebuilt the premises if he had so pleased, and occupied them at any time within the term; he therefore must be taken still to *hold* the land, which is sufficient to satisfy the words of the statute." This case was cited as " a direct authority" in *Izon* v. *Gorton,* (5 *Bing. N. C.* 501,) where Ch. J. Tindal says: " The statute 11 *Geo.* 2, *ch.* 19, enables landlords to recover a reasonable satisfaction for lands, &c. held *or* occupied "—" from which it seems to follow, that if there is an actual *holding,* and the power to occupy or enjoy is given by the landlord to the tenant, so far as depends on the landlord, the action is maintainable." And in *Pinero* v. *Judson,* (6 *Bing. R.* 206,) the chief justice thus expressed himself: " According to the statute, if he *holds or* occupies, he may be sued in an action for use and occupation, and we find that he holds." Burrough, J. in the same case: " Ac-

tual occupation is not necessary; legal possession is sufficient," Gaselee, J.: "Parties have been repeatedly held liable in actions for use and occupation, although there has not been an actual occupation for the whole of the time in respect of which the action has been brought."

In these and other cases which might be referred to, the plaintiff was allowed to recover for an entire period of time, although the defendant did not use or occupy the premises for the whole term. But in this class of cases, it will be seen, I believe without exception, that the defendant in person, or by his agent or under-tenant, entered into the demised premises, and if he had chosen to do so, might have continued his occupation during the whole term. The tenant voluntarily, and without default on the part of his landlord, abandons possession before his term expires. This is a violation of his agreement, but does not terminate the tenancy. There is no actual occupation, but the tenant continues "to *hold* the land, which is sufficient to satisfy the words of the statute." If no entry was made, nor possession taken under the contract or lease, this form of action cannot be maintained. It is founded on actual occupation or a legal holding of the premises; but a party cannot be said to *hold*, before entry made or possession taken.

*Jones* v. *Reynolds*, (7 *Carr. & Payne*, 335,) was an action for use and occupation of premises which had been let to the defendant for several years. Coleridge, J. charged the jury, that if they thought the defendant once took possession, he was liable for all subsequently accruing arrears of rent until the determination of the tenancy, and this whether he actually continued in possession or not. But if they thought he never took possession, their verdict should be for the defendant. (*See also Edge* v. *Strafford,* 1 *Cromp. & Jerv.* 391; *Harland* v. *Bromley,* 1 *Stark. R.* 455; *Woolley* v. *Watling,* 7 *Carr. & Payne,* 610; *Nation* v. *Tozer,* 1 *Cr., Mees. & R.* 172; *Whitehead* v. *Clifford,* 5 *Taunt.* 519; *How* v. *Kennett,* 3 *Adol. & El.* 659.) There must be proof that possession was taken by the defendant, although it need not establish an actual and continued occupation of the premises. (*Sullivan* v. *Jones,* 3 *Carr. & Payne,* 579.)

The terms of the former statute of this state are nearly the same as those of 11 *Geo.* 2, and have received essentially the same construction. (1 *R. L. of* 1813, *p.* 444, § 31; *Little* v. *Martin,* 3 *Wend.* 219; *Featherstonhaugh* v. *Bradshaw,* 1 *id.* 134.)

The words of the present statute of New-York would seem to require an actual and continued occupation during the whole period for which the party is allowed to recover. But I need not insist on any distinction between this statute and that of 11 *Geo.* 2; for under the latter, a recovery cannot be had where no entry was made nor possession taken: an agreement to take is not sufficient.

In the present case the tenant quit before the first of May, 1842, when his old lease expired and his new term was to commence, and he did not in any sense *hold* or occupy after that day. In such case, this form of action cannot be maintained. The report must be set aside.

Ordered accordingly.