## BEACH vs. GRAY.

An action for use and occupation will not lie where the defendant has neither *occupied* nor *held* the premises during the time for which the recovery is sought.

Accordingly where the plaintiff demised to the defendant for a term certain premises which the latter abandoned after occupying for a time, and the plaintiff gave the defendant notice that he should let them for the best terms he could get and hold him responsible for any deficiency, and then leased to another who occupied for the residue of the term, but became bankrupt and failed to pay; *held*, that *use and occupation* would not lie against the defendant for the time during which such other person occupied.

THIS cause originated in the marine court of the city of New-York, where Beach sued Gray in assumpsit for use and occupation and recovered $100. The judgment was reversed by the superior court, and the plaintiff brings error to this court. The other facts are sufficiently stated in the opinion of the court.

*C. Nagle*, for the plaintiff in error.

*E. C. Gray*, defendant, in person.

*By the Court*, BEARDSLEY, J. By the declaration the plaintiff claimed for the use of the premises from the first day of August, 1842, to the first day of May ensuing. The defendant was in possession previous to the first of August, and remained in possession until the middle of the succeeding October; and

Beach *v.* Gray.

upon the evidence the justice was authorized to find an agreement by the defendant with the plaintiff, to continue in possession and pay rent to him until the first of May, 1843. (1 *R. S.* 744, § 1.) But the defendant abandoned the premises in October, 1842, and in the following month the plaintiff demised the same to one Penniman, who accordingly entered and held possession until the next May. After the premises had been abandoned by the defendant, and before the lease to Penniman, the plaintiff gave notice to the defendant, that as he had abandoned possession the premises would be leased by the plaintiff on the best terms which could be procured, holding the defendant, however, liable for any deficiency which might exist. No evidence was given to show that the defendant at any time assented to what the plaintiff gave notice he should do, or to this demise to Penniman. It is virtually conceded and cannot be questioned, that the justice, in the amount for which he gave judgment, included a compensation for the use of the premises during the time they were so occupied by Penniman, and the question is whether that could be recovered in this form of action.

The statute of this state authorizing an action for use and occupation is certainly not more extensive than that of England on the same subject. Under the latter the plaintiff can recover in this form of action, for such time only as the defendant actually *occupied* the premises, or *held*, that is, legally possessed them. ( *Wood* v. *Wilcox*, 1 *Denio*, 37.) In the present case, after the plaintiff, in November, demised to Penniman, who entered and held as tenant to the plaintiff, the defendant ceased to be in possession. Penniman neither entered or held under the defendant, and was upon no principle his tenant. During this time the defendant was not, in any sense, in the occupation of the premises, and therefore was not responsible in this form of action, even though it should be held that he would be if the action were on an agreement to pay rent until the first of May, if one existed. The justice erred in allowing for the use of the premises from November to May, and the judgment of the superior court should be affirmed.

Judgment affirmed.