## LEWIS H. DELANO *vs.* ISAAC W. MONTAGUE.

A parol agreement, between the parties to a lease for years in writing, entered into before the expiration of the lease, that the lessee would take the premises for another year, on the same terms, is within the statute of frauds (Rev. Sts. *c.* 74, § 1), as an agreement not to be performed within a year, and no action can be maintained thereon.

Where the parties to a written lease for years, before the expiration thereof, entered into an agreement, the one to let the estate, and the other to hire it, for another year, on the same terms; and, before the expiration of the lease, the lessee verbally notified the lessor, that he would not carry the agreement into effect; but the lessee, nevertheless, held over after the termination of the lease, although without intending to occupy under the agreement, or under any other agreement, and left within the year; it was held, that the lessee was not liable for the use and occupation of the premises beyond the time of his actual occupation.

THIS was an action of assumpsit, in which the plaintiff declared, first, on a hiring by the defendant of one half of a

dwelling-house belonging to the plaintiff, and an agreement by the defendant to pay rent therefor; and, second, for the use and occupation of the same premises for ten months from the 1st of April, 1847.

At the trial, which was before *Wells,* C. J., in the court of common pleas, it was in evidence, on the part of the plaintiff, that the defendant had occupied the premises for the year previous to the said 1st of April, under a written lease, at a rent of $75 a year; that on the 3d of March, 1847, the plaintiff and the defendant agreed, but not in writing, the one to let, the other to take, the premises for another year at the same rent; that the defendant remained in the actual occupation of the premises until the 7th of April, 1847, and did not remove all his furniture until the 19th of May, 1847; and it was not denied, that the defendant's occupancy was lawfully determined on the 1st of February, 1848.

On the part of the defendant, it was in evidence, that some time between the 15th and 23d of March, 1847, he verbally refused to take a lease of the premises, according to the parol agreement, and, at the same time, notified the plaintiff, that he should not occupy the premises under the agreement, on the ground that there was a misunderstanding as to its terms.

It was in evidence, also, that the plaintiff, at all times after the 3d of March, 1847, refused to relinquish his claim for rent on the defendant, or to accept from him any surrender of the premises until the 1st of February, 1848.

The jury were instructed that if, before the expiration of the written lease, the parties agreed by parol for a lease of the premises for another year, and before the expiration of the written lease, the defendant notified the plaintiff, that he would not carry the agreement into effect, and, after the expiration of the written lease, did not occupy the premises, intending to occupy the same under that agreement, or any other agreement with the plaintiff, the defendant would not be liable for rent, for any longer period than whilst he occupied the premises, either by living on the same, or by having some of his furniture remaining there; although the jury

should be satisfied, that the agreement of the 3d of March was as alleged by the plaintiff, and the plaintiff had always insisted that the defendant was bound by the same, and had so notified the defendant whenever the latter refused to carry the agreement into effect.

The jury, under these instructions, returned a verdict for the plaintiff, with damages for the amount due for use and occupation to May 19th, 1847 ; and the plaintiff thereupon alleged exceptions.

*C. Delano*, for the plaintiff.

*J. W. Boyden*, for the defendant.

WILDE, J. This is an action of assumpsit for the recovery of rent on a parol lease, and for use and occupation of the premises described in the declaration.

In the first count, the plaintiff declares on the parol contract, which was proved to have been made on the 3d of March, 1847. The defendant was then in possession of the premises, under a written lease from the plaintiff, at a rent of $75 a year, which was to terminate on the 1st day of April then next following. And it was proved that, on the said 3d of March, the defendant agreed with the plaintiff, but not in writing, that he would take the premises for another year, at the same rent. Upon these facts, it is very clear, that the action cannot be maintained on the first count on the parol contract.

This was an agreement, that was not to be performed within one year from the time it was made ; and by the Rev. Sts. *c.* 74, § 1, no action can be maintained on any such agreement, unless the same, or some memorandum or note thereof, shall be in writing. But it is argued for the plaintiff, in support of his exceptions, that the parol agreement was voidable only, and not merely void; and that as the plaintiff continued in possession after the termination of the written lease, he thereby became bound by the parol agreement, as he did nothing afterwards to avoid it. But whether this parol agreement was void or voidable only, and whether the defendant did any thing to avoid it or not, no action can be maintained on the contract; the plaintiff can only recover

for the use and occupation for the time during which the defendant continued in the possession after the termination of the written lease; and for the rent during this time, the jury, in pursuance of the instructions of the court, found a verdict for the plaintiff. There was evidence tending to prove, that between the 15th and 23d of March, 1847, the defendant refused to take a lease of the premises, according to the parol agreement, on the ground that there was a misunderstanding as to its terms. And, upon this evidence, the jury were instructed, "That if before the expiration of the written lease, the defendant notified the plaintiff, that he would not carry the agreement into effect, and did not after, the expiration of the written lease occupy the premises, intending to occupy the same under the agreement, or any other agreement with the plaintiff, he would not be liable for rent, for any longer term than he occupied the premises." That these instructions were sufficiently favorable for the plaintiff cannot, we think, be doubted; for if the parol agreement was only voidable, it was avoided while the defendant was in possession under the written lease; and if he never held possession under the parol lease, it is clear, that, after the determination of the written lease, the defendant was tenant at sufferance, and not tenant at will, as the plaintiff contends. The defendant held over without right, for he had disclaimed all right under the parol agreement; and there was no longer any privity of estate between the parties. This case, therefore, is materially distinguishable from the case of *Little* v. *Martin*, 3 Wend. 219, cited by the plaintiff's counsel. In that case, the tenant entered under a parol agreement for a lease for years of a certain house, and was therefore a tenant at will. But in that case, the defendant was only held liable for use and occupation during the time he had possession by retaining the key of the house; and it was decided, that no action could be maintained on the contract. In the present case, the parol agreement is of no importance, and the case is to be decided in the same manner, and upon the same principles, as it would be, if no such agreement had been made; and if so, unquestionably, the

defendant was never, according to the evidence, and the find ing of the jury, a tenant at will. If he had not given notice to the plaintiff, that he should not hold under the parol agree- ment, until after the determination of the written lease, he might perhaps be considered as a tenant at will, but as to this question we give no opinion, it not being raised by the exceptions; for the jury have found, under the instructions of the court, that notice was given before the determination of the written lease, and that the defendant never held under the parol agreement.

Another question was suggested by the defendant's coun- sel, upon which we give no opinion, namely: whether upon the facts found the defendant was liable on the count for use and occupation for any rent.

By the common law of England, a tenant at sufferance is not liable to pay rent. Cruise's Dig. tit. 9, *c.* 2, § 6 (Greenl. ed.) ; 4 Kent, 116.

But as the defendant did not except to the instructions of the court on this point, the question is not raised, and has not been considered.                           *Exceptions overruled.*