By the Court.
Mason, J.-
-The thirty-second section of the statute of wills, enacts that every last will and testament shall be executed and attested in the following'manner:
1. It shall be subscribed by the testator at the end of the will.
2. Such subscription shall be made by the testator, in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made, to each of the attesting witnesses.
3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament.
4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator. (2 R. S. 63.)
In the case before us, the will was subscribed by the testatrix at the end of the will, in the presence of two attesting witnesses, each of whom signed his name as a witness at the end of the will; and the only questions are, 1st, Did each so sign at the request of the testatrix ? and, 2d, Did the testatrix, at the time of such subscription, declare the instrument to be her last will?
As to the first question; It is not necessary that the testator should in terms, request the witnesses to attest the execution. The request may be implied as well as expressed. If they are sent for by his attendants in his presence and without objection —if upon their introduction he sets himself to the execution of *15 the will, and delivers it when executed, to the witnesses, in order that they may sign it, and they do sign it in his presence, he thereby adopts the acts of his friends, and makes their request his request, within the spirit and meaning of the statute. ’ This was so held in Doe v. Roe, 2 Barb. S. C. R. 200. It v^as stated in that case, to the witnesses, in the testator’s presence, that they had been sent for, for the purpose of being witnesses to the will, and they subscribed their names as wit-messes, after the will with the attesting clause had been read to the testator, and signed by him in their presence, and it was held that there was sufficient evidence to be submitted to a jury, upon the question whether there was a request or not. The same point was decided in Rutherford v. Rutherford, 1 Denio, 38.
The testatrix in this case made no formal request to the witnesses. She appears to have been entirely silent. But when Mrs. De Selding stated to Dr. Johnston, the physician, that her, sister wished to execute a will, he said, if she wished to do so it would be best to have another witness, and he went out immediately and brought in Mr. Zevely, the other witness. The testatrix made no objection then, nor when the doctor returned, on the contrary, she got up and went to the table where the will was lying. Upon Mr. Zevely’s coming into the room, after she was seated at the table, he was introduced to her by the doctor, as a person whom he had invited to come in and witness her signature, to the will, and she bowed her head in recognition, and then distinctly asked where she must sign, according to Zevely’s testimony, or according to Dr. Johnston’s where she must sign the will. She then signed it in their presence, and they signed their names as witnesses. There can be no doubt from all the circumstances, that she assented to and adopted the acts of her sister and Dr. Johnston in relation to the latter witnessing and inviting Mr. Zevely to witness the execution; and this^ratification and adoption is clearly equivalent to an express request by her.
The next question is — Did she declare the paper to be her last will and testament in the presence of the witnesses ? It *16 has frequently been decided that no particular form of words is necessary in the publication of a will in order to comply with the statute. It is sufficient if the requisitions of the statute are complied with in substance. (Nelson v. McGiffert, 3 Barb. Ch. R. 163; Remsen v. Brinckerhoff, 26 Wend. 332.) In Doe v. Boe, 2 Barb. S. C. R. 200, before cited, the will was read over to the testator, and he was asked if that was his will and testament, to which he answered in the affirmative, and then signed it; and the court held that this mode of declaring the instrument to be his will, was a substantial compliance by the testator with the statute, but it is definitely settled by the court of dernier resort, in Remsen v. Brinckerhoff, that there must be some communication to the witnesses by the testator, indicating that he intended to give effect to the paper as his will; and, therefore, the court in that case held, that although the testatrix acknowledged before the witnesses her signature to the instrument for the purposes therein mentioned, yet as she did not say it was her will, it could not be upheld without a repeal of the statute. Now in this case, nothing whatever was said by the testatrix, except the single question where she must sign. Dr. Johnston says she asked where she must sign the will; but it is evident that he does not intend to give the exact words. Mr. Zevely says she distinctly asked “ where was the proper place for her to sign.” But the will was not read to her before signing it, nor did she read it, or say any thing concerning its contents, nor was any thing said or done by her in the presence and hearing of the witness Zevely, by which she signified to him that the paper subscribed by her was her last will; she merely signed the paper, and did not even acknowledge her signature, as was done by Mrs. Brinckerhoff. It is true that the witness understood from what passed, that the instrument was a will, and that such was her understanding also; but there was no recognition of it as her will in Zevely’s presence, beyond the simple signature, nor in the presence and hearing of Dr. Johnston, unless she used the word “ will” when she asked about the place to sign.
It is fairly to be inferred in the case of Mrs. Brinckerhoff, that *17 all parties also understood tbe paper to be a will; one of tbe witnesses put his residence opposite to bis name, and the testatrix remarked to the other witness that be bad not done so, and required him to do it, wbicb would have been unnecessary in attesting tbe execution of any other instrument. But yet tbe court held tbe acknowledgment to be insufficient. If we should bold tbe mere signing of a will of any act equivalent to it, without any declaration either before or after signing in tbe presence and bearing- of each of the witnesses, to be a sufficient publication, we should disregard tbe plain letter of tbe statute, wbicb requires that tbe testator shall, at tbe time of making the subscription, declare tbe instrument to be bis last will. Tbe utmost that can be said of this case is, that tbe conduct of tbe testatrix implied tbe instrument to be her will But no declaration of any kind is pretended. We do not see bow it is possible to get over this defect.
' It is not without considerable hesitation that we have arrived at this result. We have no doubt, from tbe evidence, that tbe deceased was fully competent to make a will, and under tbe law as it now exists in England, and as it was understood in this state before tbe passage of tbe revised statutes, this will would have been held to have been duly published. But tbe revised statutes have somewhat altered tbe rule, and tbe alteration is, we think, wise and salutary. Whether it is so or not, it is our duty to carry out tbe provisions of tbe statutes on this subject in their letter and spirit. If we are mistaken an our application of them to tbe present case, we are happy to know that our mistake can be corrected by a higher tribunal.
Tbe decree of tbe surrogate is erroneous, and. must be reversed, and a decree must be entered declaring the invalidity of tbe instrument propounded as a will, and that tbe decedent died intestate. Costs of both parties, both in this court and the court below, are to be paid out of the estate when letters of administration shall have been granted, and the- proceedings-are to be remitted to the surrogate of tbe county of New York, to tbe end that administration may be granted as in cases of intestacy.