HARRIET HALL, Executrix, &c., and others, Appellants, v. THE WESTERN TRANSPORTATION COMPANY, Respondents.

In an action for use and occupation, it is not necessary to prove the defendant to have been in manual occupation of the premises during the time for which recovery is sought. If the power to occupy and enjoy is given by the landlord to the tenant, so far as the landlord is concerned, he has performed on his part, and the action is maintainable.

Where defendants leased a barn for the term of three years, and took possession and actually occupied the same for one year, and continued to keep the key, but did not actually occupy: *Held*, he was liable in an action for use and occupation.

*W. F. Cogswell*, for the appellants.

*T. C. Davis*, for the respondents.

DAVIES, Ch. J. From the facts found by the referee who tried this action, it appears that the plaintiffs' testator leased to the defendants a certain barn for the term of three years, at an annual rent of $100. That about the 15th of April, 1857, the defendants took possession of the said barn, and kept therein, in pursuance of their agreement, during the summer, and up to the 15th of September, 1857, ten horses and no more; that the horses were then removed, and that no horses have been kept in the said barn by the defendants since that time; that the said barn was fastened up by a lock, the key of which was kept in the summer of the year 1857 by the agents of the defendants; that an agent or agents of the defendants locked up the barn, and placed the key thereof in the hands of another agent of the defendants; that at the time of the commencement of this action, the key had not been returned to the plaintiffs' testator, nor the possession returned to him. This action was commenced in June, 1859, and the referee reported in plaintiffs' favor for the sum of $100 for the use and occupation of said premises for one year from April 15th, 1858, to April 15th, 1859, and the interest thereon. Judgment was perfected on said report in plaintiffs' favor, and on appeal to the General

Term, the same was reversed and a new trial was granted. The judgment was not reversed on questions of fact.

The only question presented for consideration is, whether the plaintiffs can recover for the use and occupation of these premises, where it appears that the defendants were not in the actual manual occupation thereof. It is found that they by themselves or their agents took possession of the premises under an agreement for leasing for the term of three years; paid rent therefor for one year, and then locked up the barn on the premises, and retained the key thereof, and had not surrendered the possession of the premises to the plaintiffs at the time of the commencement of this action. It, therefore, conclusively appears that the defendants had the possession of the premises for the year ending April 15th, 1859, although they did not choose actually to occupy the same. This precise question was presented in the case of *Hoffman* v. *Delihanty*, decided by the Supreme Court of this State in May, 1848, and reported in 13 Abbott, 388. The defendants in this case as in that, went into possession under an agreement not by deed, and continued to keep possession, and the question was, could the plaintiff recover for use and occupation when the defendants did not actually occupy the premises? It is believed that, at common law, but certainly by statute (as our statutes were prior to the revision of 1830), there could be no question that he could so recover. The following cases are authority on that point: *Jones* v. *Reynolds* (7 Car. & P., 325); *Woolley* v. *Wattling* (1 id., 610); *Little* v. *Martin* (3 Wend., 219); *Featherstonhaugh* v. *Bradshaw* (1 id., 134); Chit. on Cont., 6th ed., 371; *Gibson* v. *Cormthorpe* (1 Dowl. & Ryl., 205); *Baker* v. *Holtpzaffell* (4 Taunt., 45); *Wood* v. *Wilcox* (1 Denio, 37); *Izon* v. *Gutne* (5 Bing., 501); *Pinero* v. *Judson* (6 id., 206); Taylor's Land. and Ten., § 635.

In *Izon* v. *Gutne* (*supra*), Chief Justice TINDAL says: "The statute, 11 Geo. II, ch. 19, enables landlords to recover a reasonable satisfaction for lands, &c., held or occupied; from which it seems to follow, that if there is an actual *holding*, and the power to occupy or enjoy is given by the

landlord to the tenant, so far as depends on the landlord, the action is maintainable.".

In Pinero v. Judson (supra), the chief justice thus expresses himself: "According to the statute, if he holds or occupies, he may be sued in an action for use and occupation, and we find that he holds." Burrough, J., in the same case, says: "Actual occupation is not necessary; legal possession is sufficient." Gazlee, J., says: "Parties have been repeatedly held liable in actions for use and occupation, although there has not been an actual occupation for the whole of the time, in respect of which the action has been brought." The provision of the Revised Laws of 1813 (1 Rev. Laws, 444), was a reënactment of the statute of George II. It was as follows: "It shall be lawful to and for the landlord, his heirs and assigns, when the agreement is not by deed, to recover a reasonable satisfaction for lands, tenements or hereditaments, held or occupied by the defendant, in an action on the case for the use and occupation of what was so held and enjoyed." The corresponding provision of the Revised Statutes is in these words (1 Rev. Stat., 748, § 26): "Any landlord may recover in an action for the use and occupation of any lands or tenements by any person, under any agreement not made by deed, &c." It is thus seen that the difference between the two statutes consists only in this, that the Revised Laws declare that any landlord may recover for the use and occupation of any lands, &c., held or occupied by the defendant, while the section of the Revised Statutes above referred to, uses the same language, omitting the words "held or occupied." There is no evidence that the legislature intended to adopt any new rule of law, and as we must suppose they were perfectly aware of the course of decision and the construction which the courts had put upon this section of the Revised Laws, we are bound to assume that no new rule of law was intended to be announced, if we see that the omitted words do not substantially change the sense of the existing statute.

The reasons why no change was intended or can be rightfully maintained, are well stated in the opinion of the

Supreme Court in *Hoffman* v. *Delihanty* (*supra*). In the first place, the statute was originally remedial; and as it had been beneficent in its operation, there was no motive to limit its application. The revisers have left no note of an intention to alter the law, which we argue they would have done if any such intention existed. And the well settled rule of interpretation, so forcibly expressed in the following citation from the opinion of a most eminent judge, admonishes us to be slow in adopting a belief of so important an innovation upon a long settled principle, as is here contended for: " Where a law antecedently to a revision of the statutes is settled, either by the expressions in the statutes or adjudications on them, the mere change of phraseology shall not be deemed or be construed a change of the law, unless such phraseology evidently purports an intention in the legislature to work a change." (Per KENT, Ch. J., in the case of *Yates*, 4 Johns., 317, 359; see also *Ex parte Brown*, 21 Wend., 316, per BRONSON, J.)  But it is urged by the defendants' counsel in the case at bar, that a recovery cannot be had for use and occupation, unless there has been an actual and continued occupation during the whole of the period for which the party is allowed to recover. This argument is based on the assumption that there can be no occupation of premises unless the party is in the manual occupation thereof. I have doubts if this can be deemed a correct construction of the statute. It seems to me that, upon the facts found in this case, the defendants might well have been deemed in the occupation of the premises in question. But, however this may be, the cases cited and relied on by the defendants' counsel will be found, on examination, not to sustain the positions assumed by him. The first case relied on is that of *Wood* v. *Wilcox* (1 Denio, 37). It was an action for use and occupation of a dwelling house for two quarters' rent accruing from May 1, 1842, to November 1, 1842. It appeared that the defendant took a lease of the premises in question from May 1, 1841, to May 1, 1842, at the yearly rent of $180, and that shortly previous to the expiration of the first year, the tenant agreed to continue in

possession for the next year, but before the first year ended, the defendant did not afterwards occupy them. There was, therefore, no possession taken under the agreement. The referee reported in favor of the plaintiff, which the Supreme Court set aside. BEARDSLEY, J., in delivering the opinion of the court, puts the case upon the ground that the defendant never took possession of the premises under the agreement. But when the tenant voluntarily, without default on the part of his landlord, abandons possession before his term expires, this is a violation of his agreement, but does not terminate his tenancy. He says : " There is no actual occupation, but the tenant continues to hold the land, which is sufficient to satisfy the words of the statute. If no entry was made, nor possession taken under the contract or lease, this form of action cannot be maintained. It is founded on actual occupation or a legal holding of the premises, but a party cannot be said to *hold* before entry made or possession taken ; " and the court placed its opinion of the non-liability of the defendant, in that case, distinctly upon the ground, that the tenant quit the premises before the first of May, 1842, when his old lease expired and his new term was to commence, and did not in any sense *hold* or occupy after that day. In this striking particular, that case differs from the one at bar. There the defendants did enter into possession under the agreement for occupancy for the term of three years, and remained in the actual occupancy for nearly six months thereafter, and retained possession of the premises for over two years from the commencement of such actual occupancy. There was, therefore, in this case, a legal holding after entry made and possession taken.

In this opinion, Judge BEARDSLEY intimated that there might be a distinction between the present provision of the Revised Statutes and those of the Revised Laws. He says : " The words of the present statute of New York would seem to require an actual and continued occupation during the whole period for which the party is allowed to recover. But I need not insist on any distinction between this statute and that of 11 Geo. II, for under the latter, a recovery cannot be

had where no entry was made nor possession taken; an agreement to take is not sufficient."

In *Bench* v. *Gray* (2 Denio, 84), the defendant had surrendered the possession or abandoned the premises, and the plaintiff leased them to one Penniman, and he claimed to recover for the time they were so occupied by Penniman. Judge BEARDSLEY, in delivering the opinion of the court, says: "The statute of this State, authorizing an action for use and occupation, is certainly not more extensive than that of England on the same subject. Under the latter, the plaintiff can recover in this form of action for such time only as the defendant actually *occupied* the premises, or *held*, that is, legally possessed them."

These cases were much relied upon by the defendants' counsel in *Hoffman* v. *Delihanty (supra)*, as establishing the rule as contended for by him. But the learned judge who delivered the opinion of the court in that case, showed conclusively that they failed entirely as authorities for such a doctrine. It is to be observed that Judge BEARDSLEY, who delivered the opinion of the court in the two cases in Denio, was a member of the court which decided *Hoffman* v. *Delihanty*, and the opinion in the latter case refers to this circumstance in these words: "Thus the doctrine contended for by the defendants' counsel receives no support from the cases in Denio, any further than what may be derived from a passing remark of the judge, opportunely made as to the change of phraseology in the new statute, which, however, was not material to the case in hand, and which he declared had no effect on his judgment. And I may here add, that the determination of the court on this point, in the present case, has the approbation of the same learned judge."

We may, therefore, dismiss these two cases from further consideration, with the remark, that Judge BEARDSLEY, who delivered the opinion in these two cases, expressly repudiated them as authorities for the doctrine contended for.

In *Clines* v. *Willoughby* (7 Hill, 83, 88), decided in 1845, Judge BEARDSLEY had occasion to refer to the omission of the words, "held or occupied," in the revision of 1830, and

after quoting the present section, says: "These words are certainly susceptible of a more restricted construction than those of 11. Geo. II, and might very well be taken to limit the recovery to the period of *actual* use and occupation. I am not aware that this precise point has been made under our present statute. The present case does not call for any opinion upon it." The precise point did arise in *Hoffman* v. *Delihanty*, decided in 1848, and the same learned judge, who, in the three previous cases above referred to, had suggested the doubts as to the restrictive character of the section by the omission of the words, "held or occupied," concurred in the conclusion, that this omission did not change the force and effect of the statute as it previously stood. *Croswell* v. *Crane* (7 Barb., 191), is not in conflict with this doctrine. The learned judge who wrote the opinion in that case, was evidently under the impression that the two cases in Denio had established the doctrine that a landlord could only recover, in an action for use and occupation, for the time the tenant has actually occupied the premises, either by himself or by his sub-tenant or agent. It is apparent that the attention of the court was not called to the case of *Hoffman* v. *Delihanty*, decided the year previous.

This case is, however, an authority for the doctrine enunciated in *Hoffman* v. *Delihanty*, and which is pertinent to the present inquiry, whether any change in fact had been made in the law by a change in the phraseology of the statute. That doctrine is stated in these words:

In the revision of the statutes, an alteration in the phraseology, or the omission or addition of words, does not necessarily alter the construction of the act, or imply an intention on the part of the legislature to alter the law, and that, in such revision, a reform of the language is not necessarily an alteration of the law. That the intent of the legislature to alter the law must be evident, or the language of the new act must be such as palpably to require a different construction, before the courts will hold the law changed upon such revision, merely from the fact of a change of the language employed.

The doctrine declared in *Hoffman* v. *Delihanty*, is laid down in that learned and authoritative treatise, Taylor on Landlord and Tenant, section 641.   He says, no continued occupation for any particular length of time need be shown; possession being once taken, the agreement determines the period to which the liability of the party extends. (*Sullivan* v. *Jones*, 3 Carr. & P., 579; *Edge* v. *Strafford*, 1 Cr. & J., 391; *Woolley* v. *Wathing*, 7 Carr. & P., 335, 610; 3 Ad. & Ellis, 659.)   Nor is an actual or personal occupation by the defendant required to support this action, the *constructive possession* of an `undertenant or servant being sufficient for this purpose. (*Waring* v. *King*, 8 Mees. & Wels., 571; *Bull* v. *Gibbs*, 8 Tenn., 327; 7 Carr. & P., 335, *supra; Moffat* v. *Smith*, 4 Comst., 126.)   In *Smith* v. *Faust* (2 Man. & G., 84), the defendant agreed to rent a house, and sent a woman to clean it, with workmen to prepare one of the rooms, and this was held to be sufficient evidence of occupation to go to the jury.

From these considerations, it must follow that the order of the Supreme Court, granting a new trial in this case, should be reversed, and the judgment upon the report of the referee, in favor of the plaintiffs, affirmed with costs.

WRIGHT, HUNT, SMITH, and PECKHAM, JJ., concurred with DAVIES, Ch. J.

LEONARD, J. (dissenting.)   The plaintiffs in this action seek to recover one year's rent of certain premises leased by their testator to the defendants as a stable, by a verbal agreement for the term of three years.   The stable was occupied by the defendants several months during the first year of the term, and the rent for that year was paid in full.   Before the end of the first year, the defendants left the stable, and have not since had any occupation thereof.

The referee, before whom the case was tried, found that the contract was void, but held that the defendants were liable for use and occupation, as their servants had locked up the stable when they left it, and had not returned the key to the plaintiffs' testator, the owner of the premises.

The General Term of the Supreme Court in the seventh district, on appeal, reversed the judgment rendered on the report of the referee, and ordered a new trial, with costs to abide the event. The plaintiffs have appealed therefrom to this court, and have stipulated that an absolute judgment be rendered against them, if the order appealed from be affirmed.

There was no valid contract between these parties. The plaintiffs could recover only in case the defendants occupied the premises. There was no use or occupation after the time for which the defendants paid the rent.

The delivery of the key by one servant to a third party to be handed to some other servant of the defendants, is quite insufficient to constitute any use or occupation. The disposition of the key does not appear to have been made by any authority from the defendants, but if it had been, it would have fallen short, in my opinion, of proving an occupation.

In the case of *Little* v. *Martin* (3 Wend., 219), cited by the plaintiffs, the judge says, " That taking the key *and entering* into the premises without a continued actual possession, would be a sufficient use and occupation to enable the plaintiff to recover." Stress must be laid in that case upon the entry by the tenant, so as to constitute a valid hiring for one year.

In the case of *Westlake* v. *De Graw* (25 Wend., 669), there was a valid agreement, and the tenant was held liable for rent, although he had ceased to occupy the premises. These authorities do not sustain the plaintiffs' case. Here, as before observed, there was no valid agreement, and the plaintiffs must prove use and occupation, or they fail to make a case. Unlike the case of *Little* v. *Martin*, there was no entry by the tenant after the year for which the rent was paid.

The judgment of the General Term should be affirmed with costs.

PORTER and MORGAN, JJ., also dissented.

Judgment affirmed.