McCunn, J. (dissenting.)
This action was brought to recover from the defendants a penalty of $25 per day, for 107 days, under a statute passed in 1857 and amended in 1858, for neglect in conforming to a notice of the plaintiffs to remove certain obstructions on bulkheads between piers 30 and 31, 31 and'32, and 32 and 33, in the city of New York, in the Hudson river, for the period between December 2, 1864, and March 20, 1865. The most material question in this case is whether the erections complained of in the complaint were “ obstructions ” within the meaning of the act; because, if they were not obstructions, the Board of Commissioners of Pilots have nothing to do with them. The law fixes the penalty upon the defendants by reason of their being so, if they do not remove them when notified; and if the subject of complaint be not obstructions of commerce, then no penalty can attach. No one will pretend that every erection on the piers of this great commercial city, for the purpose of facilitating commerce, such as derrick cranes, sheds, and the like, are obstructions to commerce, unless they impede its operations or hinder or injure it in some way or other.
It cannot be contended that sheds and coverings placed there for the express purpose of' protecting perishable products brought hither by our merchant marine from all parts of the world for the use and comfort of our fellow-citizens, are obstructions or incumbrances, within the meaning of the pilot law; and if the Board of Pilot Commissioners,' or *387 any other body, arbitrarily pronounce such sheds and coverings obstructions and incumbrances to commerce, without the aid of a court, especially where they are designed for protection and not for hindrance, such a power would be tyrannical, vexatious and unjust in the extreme.
The .court, at special term, therefore erred in not allowing the defendants to show before the jury that the grievances complained of were not incumbrances or obstructions.
But not only cannot the Board of Pilot Commissioners take upon themselves tp say what are and what are not obstructions, but the act and the section of the law under which they claim to recover, fail to indicate or imply that any such question is referred to the discretion or judgment of the board. Moreover, it has been held by this court, and affirmed by the Court of Appeals, in the case of the Board bf Commissioners of Pilots v. Vanderbilt (31 N. Y. Rep. 265,) that the powers of the board, being in derogation of the common law, and, under special statute, cannot be enlarged by implication, but must be strictly construed.
The complaint does not allege, nor does the notice say, nor can I find any proof in the ease, that the board does undertake to decide that the alleged erections were obstructions. •
It was, therefore, error to exclude the defendants’ several offers to prove that the erections complained of were no obstructions or hindrance.
The notice given by the board was offered in evidence, and objected to and allowed, and an exception taken. This brings up fully the question whether that notice was such an one as is required by the act. I think it was not. The notice must be certain and specific; if conditional or uncertain, it can have no effect, because it is the notice and not the action of the board that is decisive. (See case cited above. Also Gilchrist v. Comfort, 34 N. Y. Rep. 285.)
It appears that there are a large number of buildings, gates, sheds, fences and fenders kept or placed on these bulkheads or docks, and there is no intimation or preten *388 sion that all should not be removed. Now, the evidence shows that the defendants had possession or control of only a portion of the obstructions complained of. Therefore, the notice, in requiring the defendants to remove all, was too comprehensive, and could not be complied with, and was therefore void.
Not only was the notice imperfect in this respect, but the pilot commissioners should have sent with their notice a copy of section eight of the law on which the notice was founded. This is absolutely required by section 1, of chapter 712, of the laws of 1865.
I have shown how strictly penal statutes are construed, and this act of 1865 is in the same spirit, requiring a notice to “ contain a copy of the section under or in pursuance of which such notice is given,” and was enacted for the express purpose of thoroughly informing parties who are complained of for violating these penal laws what they contain.
The policy of both is apparent. It is to give to the party who is to be so punished for disobedience a clear, direct and prompt reference to the law.
The Court of Appeals says : “ The person offending is -to' be notified,” &c. He is to be notified to “ remove the obstructions, because the penally of $25 attaches every day.” (31 N. Y. Rep. 269.) And then the legislature added the reasonable condition that the notice shall afford the offending party a copy of the law he is charged to be violating.
But this notice does not contain any copy of any section, and is hence of no effect.
For these reasons, judgment should be ordered for the defendants, with costs.