# TULLY *vs.* DUNN.

[ACTION OF ASSUMPSIT FOR USE AND OCCUPATION.]

1. *Lease; when assumpsit for use and occupation will lie.*—Where a tenant for a term, under an agreement, has once entered upon the demised premises and become vested with the term, a recovery of the rent for the entire term may be had, without any other proof of use and occupation, than such entry by him, although it may appear that he afterwards quited the premises long before his term expired.

2. *Same.*—Where the tenant has not entered into possession at all under the lease or agreement, either in person or by on under-tenant or agent, assumpsit for use and occupation will not lie, but the remedy, generally, is upon the leasé or agreement.

3. *Same; landlord and tenant.*—If the tenant commits a breach of the contract by his failure to enter upon its performance, the landlord may let the premises be idle and recover rent for the whole term, or he may put an end to the contract of lease, by entry. In the latter event, the tenant is not thereby released from liability for such damages, as may have been sustained by the breach of his contract.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. JOHN MOORE.

THIS action was brought by the appellee against the appellant, and was commenced on the 25th October, 1859. The complaint was as follows: "Plaintiff claims of the defendant, three hundred and fifty dollars, due by promissory note, made by her on the 29th day of June, 1858, and payable on the first day of May, 1859, with interest thereon ;

Tully v. Dunn.

and also the further sum of three hundred and fifty dollars, due by promissory note, made by defendants, on the 29th day of June, 1858, and payable on the first day of February, 1859, with interest thereon, and plaintiff claims of the defendant, seven hundred dollars, due by account for the rent of a house, to-wit : for the year 1858, and 1859, and before the commencement of this suit." The notes sued on, were given for the rent of a store in the city of Mobile, for the term of one year. The facts upon which the case turned are sufficiently stated in the opinion of the court. Judgment was rendered against the defendant at the fall term, 1866, for three hundred and twenty-four dollars, and costs.

PETTUS & DAWSON and ALEX. WHITE, for appellant.
JOHN T. MORGAN, *contra*.

JUDGE, J.—It is sufficiently shown by the evidence, that there was a contract between the parties for the lease of the premises for a specified term. It is equally clear, that the appellant never went into possession of the demised premises, under the lease or agreement, either personally, or by an agent, or under-tenant ; and this presents the question, whether, in such case, the action of assumpsit, on the common count for use and occupation, can be maintained ; for it was under this count alone, that the appellee obtained a recovery in the court below.

We held in *Crommelin v. Thiess & Co.*, 31 Ala. 412, on the authority of Addison on Contracts, that " an actual occupation is not necessary to sustain the action which the lessee, (that is, a tenant for a term under an agreement,) has entered and taken possession, and *the term has become vested in him*, as he " holds" within the words of the statute, (Code, § 2206,) although he does not occupy ;" for as against *such a tenant*, who has once entered, and become vested with the term, a recovery of the rent for the entire term may be had, without any other proof of use and occupation than such entry by him, although it may appear that he afterwards quitted the premises long before his term expired."—Addison on Contracts, 371, and note *i*,

referring to *Baker v. Holtpaffel*, 4 Taunton, 45, and other cases; see also, *Schuisler & Donnell v. Ames*, 16 Ala. 73.

But a continued actual possession, for any length of time, is not necessary to vest such a tenant with the term. In New York it has been held, that taking the key, and entering into the premises without a continued actual possession, would be a sufficient use and occupation to enable the plaintiff to recover.—*Little v. Martin*, 3 Wendell, 219.

While such is the law where there has been an entry by the tenant, and a vesting in him of the term, the rule is different where the tenant has not entered into possession at all, under the lease or agreement, either in person, or by an under-tenant or agent. In such case, assumpsit for use and occupation will not lie, but the remedy, generally, is upon the lease or agreement.— *Wood v. Wilcox*, 1 Denio, 37; *Beach v. Gray*, 2 Denio, 84; *Creswell v. Crane*, 7 Barber Sup. Court, 191. It follows that the ruling of the circuit court, in conflict with this view, is erroneous.

The evidence as disclosed by the record, showed a breach of the contract on the part of the appellant; to what extent the appellee sustained loss or damage thereby, would be a question for the determination of a jury, in an appropriate action. The appellant having committed a breach of the contract, by a failure to enter upon its performance, the appellee was not bound to suffer the premises to remain vacant during the term. In such case, the landlord may let the premises lie idle and recover rent for the whole term, or he may put an end to the contract of lease by entry. In the latter event, the tenant is not thereby released from liability for such damages as may have been sustained by the breach of his contract.—*Schuisler & Donnell v. Ames*, 16 Ala. 73. But when, in such case, the landlord has terminated the contract by an entry, whether he could sue upon the contract as for a breach of *promise*, or whether his action should be a case as for a breach of *duty*, (the tenant never having held so as to sustain an action for use and occupation,) we need not now determine.

The conclusion attained by us as to the main question

involved, renders it unneccessary to consider any other question presented by the record.

Judgment reversed and cause remanded.

BYRD, J., not sitting.