INGRAHAM, J.
The complaint alleges that on or about December 12, 1890, at the request of the defendants, the plaintiffs delivered possession to them of the first floor, basement and see-' ond, third and. fourth lofts of the building No. 80J Pearl street;, that the defendants continued in the possession and occupation of the premises down to .the 30th day of December, 1891, when they surrendered the same to the plaintiffs; that'the value of the use' and occupation of said premises was at the rate of $2,000 per an-1 nnm; that the defendants “obtained the plaintiffs” to give them such possession by orally promising to pay' the sum of $2,000 per annum for the use and occupation of the premises. The; judgment demanded is for the recovery of $2.100, with interest. These allegations are denied. To show the value of the use and ■occupation of the premises, the plaintiffs proved á verbal agreement by which the defendants agreed to lease the premises for three years at $2,000 per year; and, the jury having found that such agreement was made, we do not think we should be justified in disturbing the verdict fixing the value of the use and occupation. 1
The other question at issue was as to the possession of the whole building by the defendants. It is conceded that the defendants entered into possession of the store; but, as this stor& was disconnected from the rest of the building, and as the actioni is for use and occupation, it seems clear that the plaintiffs would! not be entitled to a recovery for any part of the building not oc‘ cupied, or of which possession was not taken by them. ' The coarto 'left it for the jury to say whether the defendants did take possession of the whole premises, and charged them that, if the defend'ants were only in possession of the first floor, they were not under *801 obligation to the plaintiffs for any other part of the building. We do not think that there was any evidence to sustain the finding of 'the jury that the defendants actually took possession of any part of the building except the store. It was proved that the keys of 'the store Were delivered by the plaintiffs or their agent to the defendants ; that the defendants opened the door leading into the store, and used the store; but there is no evidence to show that they ever had possession of any key to the upper part of the 'building, that they were ever in actual possession of the upper part of the building, or used it in any way. The store itself was entirely disconnected from the rest of the building, the entrance to the upper part of the building being by a separate door from that used as an entrance to the store. Upon this finding of the jury the plaintiffs would clearly be entitled to recover the value of the use and occupation of the store; but, in the absence of evidence to show either an áctual or symbolical possession of the other lofts, there could be no liability for use and occupation of •such upper lofts. The delivery of a key of a store, with the continued use and occupation of such store, cannot be considered a .symbolical delivery of the lofts above the store When the access to such lofts is by a separate door, not connected in any way with the store itself, and Where the keys of such lofts, or of the door leading to such lofts, have not been delivered. The delivery of a key can only be considered a symbolical delivery of the premises to which access is given by the door which the key that is delivered controls. By the delivery of the key to the store, no access or method of cofinhunication with the upper lofts was given to the defendants. They could not control in any way the upper lofts by the use of this key of the store, and, so far as appears, the lofts "themselves were at all times under the control of the plaintiffs, rather than the defendants. To sustain this action it is not sufficient to prove that the plaintiff gave to the defendants the means of obtaining possession. In the absence of a covenant to pay rent that can be enforced the liability must depend upon the actual use ■and occupation of the premises, and there can be recovery except for the value of the use and occupation of what was actually used and occupied.
The case of Hall v. Transportation Co., 34 N. Y. 284, relied upon by the defendants, presented the question as to whether or not a landlord could recover for use and occupation of premises when it appeared that the defendants were not in the actual manual occupation thereof. In that case it was found that the defendants took possession of the premises .under an agreement for leasing for the term of three years, paid rent for one year, and then locked up the premises, retained the key thereof, and had not surrendered the possession of the premises to the plaintiff at the time of the commencement of the action. It was held that that possession was sufficient to maintain the action for the use and occupation. And this rule would apply to the right of the plaintiffs to maintain an action for the use and occupation of the store for the period during which the defendants occupied it, and *802 down to the time when the key was surrendered. But the occupation of these premises was entirely different from that in the case-above cited. In this case there is no evidence tp show that the-defendants were ever actually in the lofts except once, when one of them went through the premises, to see what alterations would be necessary. No part of the lofts was ever used, no key to the lofts was ever in the defendants’ possession, the lofts were never-locked by the defendants. At no time was the whole possession, of the premises given to the defendants, because, by the terms of the lease, the plaintiffs reserved a portion of the second floor for their own use. And the essential element in an action for use and occupation must be the actual use and occupation of the-premises.
The jury was instructed that, if they found that the plaintiffs-did not give to the defendants possession of the entire building 80&. Pearl street, except the first loft, then the plaintiffs could not recover, and the defendants were entitled to a verdict. And as we are of the opinion that there was no evidence to sustain a finding, that the plaintiffs did give to the defendants possession of the entire building, or that the defendants ever took possession of the-entire building, we do not think the finding of the jury can be sustained. In view of the new trial, however, it seems proper that, we should say that, upon proof to the satisfaction of the jury that, the defendants made the agreement to have the building as testified to by the plaintiffs, the plaintiffs could recover in this action for the value of the use and occupation of the store upon proving the agreement or contract under which the defendants took possession, and the continued possession of the store.
The judgment should therefore be reversed, and a new trial ordered, with cost's to the appellant to abide the event.
All concur.